## STREET v. MASON.   (No. 2710.)

(Court of Civil Appeals of Texas.   Amarillo.
Oct. 13, 1926.)

**Appeal and error ⬅═931(3)—Issue not submitted or requested presumed found in favor of prevailing party.**

Where controverted issue whether "snap cotton, rough and with timber in it," was included in grades "strict low to strict good ordinary" sold defendant was not submitted or requested, reviewing court would presume that trial court found such issue in favor of prevailing party.

Error from Lamb County Court; E. N. Burns, Judge.

Suit by G. M. Mason against J. C. Street, in which defendant filed a cross-action. Judgment for the plaintiff, and defendant brings error. Affirmed.

Bean & Klett and Robt. H. Bean, all of Lubbock, for plaintiff in error.
E. A. Bills, of Littlefield, for defendant in error.

JACKSON, J.   G. M. Mason, hereinafter called appellee, instituted this suit in the county court of Lamb county, Tex., against J. C. Street, hereinafter called appellant, seeking to recover damages in the sum of $997.50, for the breach of an alleged contract.

Appellee alleges that he was engaged at the town of Littlefield, in Lamb county, Tex., in the business of buying and selling cotton, and that the appellant was engaged in the same business at the town of Lubbock, in Lubbock county, Tex.; that on November 22, 1924, appellee contracted to sell and deliver to appellant, at Littlefield, Tex., on or about December 1, 1924, 100 bales of cotton of grades

---

strict low to strict good ordinary, at and for the price of 20.10 cents per pound; and that appellant agreed to purchase the cotton on said terms and conditions; that after said agreement between appellee and appellant was fully consummated, appellant executed and delivered to appellee a written memorandum of purchase, confirming said sale and purchase of said cotton, which written memorandum was as follows:

"Lubbock, Texas, 11/22/24.

"G. M. Mason, Littlefield, Texas—Dear Sir: This is to confirm the purchase from you today by telephone of one hundred bales of cotton at 20.10 per pound, f. o. b. Littlefield, compress weight to govern. Grades strict low to St. G. O. Shipment this month fifty bales. Shipments nothing below St. G. O. Half and half cotton not to apply on contract. Please confirm.

"Yours truly, J. C. Street."

Appellee pleads that on November 22, the date of the contract, and up until the 1st of December thereafter, he owned and had in his possession the 100 bales of cotton of the grade and kind sold to and purchased by appellant, and was ready, willing, and able to deliver said cotton according to the terms of the contract; that shortly after entering into the contract the price of cotton declined and appellant refused to accept delivery of the cotton under the contract, and appellee was forced to sell to others on appellant's account at 18 cents per pound, which was the highest price obtainable, and he was thereby damaged in the sum of $997.50, with interest thereon. He properly pleads the items of damages, aggregating the sum prayed for.

Appellant answered by general demurrer and general denial, admitted that he contracted to purchase the cotton as alleged, and pleaded that he went to Littlefield to accept the cotton, but that appellant did not have the number of bales nor the grades called for in the contract, and, on account thereof, by mutual agreement, the contract was canceled and each party thereto relieved from further obligations thereunder. In the alternative, appellant pleads that if he is mistaken as to the cancellation of the contract, that he was damaged by the failure of appellee to have and deliver the amount and grade of cotton covered by the contract, and by cross-action seeks to recover damages, the items of which he properly pleads.

In response to special issues submitted by the court, the jury found that appellee had on hand on December 1, 1924, at Littlefield, Tex., 100 bales of cotton of the grades called for in the contract, and was able to deliver said cotton to appellant; that appellee and appellant did not agree to cancel the contract between them; and that the market price of the cotton, at the date of the resale to other parties by appellee, was 18 cents per pound.

On this verdict judgment was entered that appellee recover of appellant the sum of $997.50 as damages and costs. Appellant brings the case to this court and presents for review three assignments of error, all of which are to the effect that the appellee failed to prove his case as alleged.

Appellee testified in substance: That at the time he sold the cotton to appellant he owned and had in his possession from 125 to 140 bales of the kind of cotton he agreed to sell appellant, and described to him as snap cotton, rough gin-run bollies with lots of timber in it. That the cotton was of the grades strict low to strict ordinary. That he was in a position to deliver said cotton any time from the date of the sale to a few days after December 1, 1924. That on December 1st, Mr. Ryburn and Herbert Street, the son of appellant, came to Littlefield, examined 3 bales of the cotton, and Ryburn said he had not bought snap cotton. That appellant came to Littlefield later the same day, asked for his son and Mr. Ryburn, and was advised by appellee that Mr. Ryburn had refused to take the cotton because it was snaps. To this appellant replied:

"I don't understand why he would turn it down because it was snaps, because he knew I had bought snap cotton, for he was in the office at the time I bought it over the phone, and he knew I was buying snap cotton from you."

That appellant left and told appellee he was going to overtake Ryburn and get damages from him for turning the cotton down. That about three days afterward, appellant called appellee over the telephone and advised him he could not use the cotton. That he, appellee, afterwards sold the same cotton he had contracted to sell appellant, fifty bales to R. D. Burroughs and 50 bales to J. H. Doshier & Co., and that the cotton he agreed to sell to appellant, and which appellant agreed to buy, was of grades strict low to strict good ordinary. That the word "cotton," used in a confirmation, may mean cotton picked or snap cotton. The word "snap" is not written before the word "cotton" in the confirmation when it is understood that snap cotton is being bought and sold.

J. C. Baker testified that he was present on December 1st when Mr. Ryburn and Herbert Street came to look at the cotton that appellee had contracted to appellant; that appellee had on hand at the time of the sale about 140 bales of cotton; that appellant came to Littlefield about December 1st after Herbert Street and Mr. Ryburn left, and asked about them, and was advised by appellee that Ryburn had turned the cotton down because it was snap cotton, and appellant replied that he did not understand why Ryburn thought it was anything but snap cotton, because Ryburn knew that appellant had bought snap cotton from appellee, and left saying he was going to locate Ryburn and get damages from him.

Mr. Burrough testified that about the 1st of December he bought 50 bales of the cotton appellee had on hand, and that the grade of the cotton was on an average low middling, and that low middling is half way between strict low and strict good ordinary.

J. T. Street testified that strict good ordinary cotton was rough, dirty, and full of timber; that in a confirmation the word "cotton" is used whether snap or picked cotton is bought.

The appellant testified that in a telephone conversation with appellee on November 22, 1924, he purchased 100 bales of cotton from appellee at 20.10 per pound, and was told in the conversation that the cotton was very red and dirty, and he asked for time to consider the proposition, and later called appellee and accepted the proposition, agreeing to pay 20.10 per pound; that Mr. Ryburn was in his office at the time of the conversation with appellee, and he sold the cotton to Ryburn at 20.63 per pound.

The testimony as to whether or not what is termed "snap cotton, rough and with timber in it," is included in the grades, "strict low to strict good ordinary," was a controverted issue. No such issue was submitted to the jury, or requested by appellant, and we must presume in favor of the judgment that the court found on the testimony above recited, together with other facts and circumstances in the case, that cotton of grades strict low to strict good ordinary included snap cotton with what the witnesses called "rough cotton with timber in it."

The testimony tends to show that the same cotton was sold to other purchasers, and that as graded and testified to it was pronounced within the grades of strict low to strict good ordinary cotton.

Finding no reversible error in the record, the judgment of the trial court is affirmed.