### ENEMENCIO PEREZ v. JUAN GARZA.

1. PRACTICE—AFFIRMANCE ON CERTIFICATE.—See opinion for objec-tions to affirmance of a judgment on certificate without reference to the merits, which, in view of facts certified to by the clerk, were held not well taken.

2. PRACTICE—AFFIRMANCE ON CERTIFICATE.—An appellant abandoned his appeal by filing a petition for a writ of error on the day when, in compliance with his appeal bond, he should have filed the transcript in the Supreme Court. On motion of appellee to affirm on certifi-cate the judgment rendered by the court below, appellant resisted the affirmance on the ground that he had abandoned his appeal: *Held*—

    1. That the right of the appellee to the execution of his judgment could not be delayed by such means.

    2. The enactment of the statute which authorizes an affirmance on certificate without reference to the merits, originated in the fact that an appellant might formerly, after delaying the collection of the judgment, decline to prosecute the appeal.

    3. To permit an appellant, after delaying the collection of a judg-ment for nine months by his appeal, then to abandon it, and by writ of error to stay collection for a twelvemonth longer, would be to make a mockery of the law.

3. DISTINGUISHED.—This case distinguished from one in which plaintiff had delayed the effort to enforce his judgment, no appeal having been perfected, though the delay may have been occasioned by an errone-ous belief that the appeal had been perfected. In such case the delay would not deprive the defendant of his writ of error.

| 52 | 571 |
| 82 | 238 |
| 52 | 571 |
| 86 | 68 |
| 52 | 571 |
| d91 | 469 |

FROM Starr county. Motion to affirm on certificate. The opinion sufficiently states the facts involved in the following objections to the motion to affirm without reference to the merits, filed by appellant, viz.:

"In this cause comes appellant, Enemencio Perez, by counsel, and submits to the court that the motion of appellee to affirm the judgment of the District Court of Starr county on the certificate accompanying said motion and said certificate, was not sufficient in law to authorize the affirmance prayed, because of the following, among other reasons, apparent of record:

"First. It does not appear from said certificate, nor the record accompanying the same, that the said judgment was entered at a legal term of the District Court of Starr county, in this: that said term is not shown to have commenced at the time authorized by law.

"Second. It does not appear from said certificate, nor the record accompanying the same, that the notice of appeal entered in the cause was entered during the term of court at which said judgment was rendered, or was given in open court.

"Third. It does not appear from said certificate, nor from the record accompanying the same, when the alleged appeal was perfected, or that it was perfected at all.

"Fourth. The said certificate fails to conform to the requirements of law, in this: that it fails to state when the alleged appeal was perfected, if at all.

"And for further cause why said motion should not be granted, the said Enemencio Perez shows to the court that the said alleged appeal was by him abandoned as informal and insufficient, and that in lieu thereof he has since filed his petition for a writ of error upon the judgment in this case in the District Court of Starr county, to wit, on the 5th of January, 1880, and therewith his supersedeas bond in error as required by law; that citation in error upon said petition and bond was issued on the 14th of January, 1880, and on the same day executed and served upon defendant in error, Juan Garza, and that on said 14th of January, 1880, plaintiff in error filed his

assignment of errors thereupon; all of which will more fully appear from the transcript of said petition, bond, writ, and the return thereon, and the said assignment of errors hereto attached and made part of these objections; and the said Enemencio Perez submits to the court that said cause is now pending in this court on writ of error returnable to the next term of this court, and may not be lawfully disposed of otherwise, and he prays that said motion be refused."

The judgment of the court below was for $2,251.

*Scott & Levi*, for appellant.

*Waul & Walker*, for appellee.

MOORE, CHIEF JUSTICE.—The appellee, Garza, filed transcript, on certificate, containing a copy of a judgment of the District Court of Starr county, in his favor, against appellant, Perez, rendered March 24, 1879; notice of appeal from this judgment by appellant April 4, 1879; (the day on which the clerk certifies the term of the court at which the judgment was rendered ended;) also a copy of an appeal bond executed by appellant and filed with and approved by the clerk April 14, 1879, and asks the court for an affirmance of the judgment without reference to the merits.

To this appellant objects, because it does not appear, as he insists, from the certificate of the clerk that the judgment was entered at a legal term of the court, or that notice of appeal was entered during the term at which the judgment was rendered or given in open court, and that it does not appear from the certificate of the clerk when the appeal was perfected, or that it has been perfected at all.

These objections seem to us hypercritical, and unworthy of serious consideration. The caption of the certificate shows that at a term of the District Court began and holden at Rio Grande City, within and for the county of Starr, and ending on the 4th of April, 1879, the following case came on for trial, to wit:

"JUAN GARZA      In the District Court of Starr county,
        *v.*          Texas.—March Term, A. D. 1879."
ENEMENCIO PEREZ.

Then follows the copy of the judgment and copy of the notice of appeal. It is true the clerk does not say in his certificate, in direct terms, that the appeal was perfected, or state the day on which it was perfected; but he gives certified copies from his records which show that it was perfected on April 14, 1879, which was less than twenty days from the end of the term at which the judgment was rendered.

Appellant also insists that the judgment cannot be affirmed, because he abandoned his appeal on January 5, 1880, the day on which he should have filed a transcript of the record in this court, if he would have complied with his appeal bond. But instead of doing this he abandoned his appeal, by filing on that day a petition for a writ of error and giving a writ-of-error bond.

The right of appellee to the execution of his judgment cannot be delayed or trifled with by so shallow a device as this. It is the fact that appellants, after delaying the collection of judgments, might decline to prosecute their appeals, that induced the enactment of the statute which authorizes the affirmance of judgment on certificate without reference to the merits. If this could be prevented by abandoning the appeal and suing out a writ of error at a day too late for the return of the writ to the ensuing term of the Supreme Court, it would be impossible to enforce judgments against defendants who wish to delay them until the expiration of the term within which a writ of error may be prosecuted; for if the first writ of error did not effect this, it might be abandoned, as the appeal has been in this case, and another writ sued out.

If no appeal had, in fact, been perfected, the delay of the plaintiff in enforcing his judgment—though this delay may have been occasioned by the erroneous belief that an appeal had been perfected—would not deprive the defendant of his right to a writ of error. But such is not this case. The appeal was

perfected and the execution of the judgment stayed by reason of this appeal for some nine months, and appellant then abandons his appeal and seeks to stay the collection of the judgment for twelve months more by suing out a writ of error. To permit him to do so would be to make a mere mockery of the law.

The judgment is affirmed on the certificate without reference to the merits.

AFFIRMED.

[Opinion delivered February 18, 1880.]