## W. W. THOMPSON v. OSCAR ANDERSON.

### No. 3280.

1. **Citation in Writ of Error.** — Motion to dismiss writ of error on the ground that the citation does not show when the petition for writ of error was filed, nor give the description of the judgment contained in the petition for writ of error, can not be sustained save to the extent of striking the case from the docket for want of proper citation in error. The plaintiff in error can have proper citation if he has not otherwise lost that right.

2. **Writ of Error Not Lost by Appeal with Cost Bond.**—That the plaintiff in error had appealed and had filed cost bond but had not further prosecuted his appeal does not preclude his right to the writ of error when filed within two years from date of the judgment below.

ERROR from Delta.   Motion to dismiss writ of error.

*J. A. B. Putman,* for the motion.

No appearance against the motion.

STAYTON, CHIEF JUSTICE.—The motion to dismiss the writ of error on the ground that the citation does not show when the petition for writ of error was filed, and on the ground that it does not give the description of the judgment contained in the petition for writ of error, can not be sustained, further than to strike the case from the docket for want of proper citation in error; but this will not defeat the right of plaintiff in error to have proper citation hereafter issued and served if he has not otherwise lost that right.   The statute prescribes what the citation in error shall contain, and the courts have no power to disregard its provisions where a defendant in error does not waive them, but in proper time and manner insists upon their enforcement.

It appears that the judgment which plaintiff in error seeks to have revised was rendered on December 16, 1889, and from that judgment an appeal was perfected in time to be returnable to the term of this court which began on the first Monday in October of that year.   That appeal was perfected by giving a cost bond only, and was never further prosecuted.   Petition for writ of error, with bond for costs, was filed on November 3, 1890, and after service of citation, before referred to, the transcript was filed in this court within the time in which transcripts from Delta County on writs of error perfected to this term were required to be, and motion is now made to dismiss the writ of error on the ground that the perfecting of an appeal, although not further prosecuted, bars a writ of error.

The statute permits a writ of error to be sued out at any time within two years after the rendition of the final judgment, and does not in terms place any limitation on that right (Rev. Stats., art. 1389), though

it has been repeatedly decided that failure to use diligence to have citation served after the right to it is perfected will be ground for dismissing the writ. It has been further held, that a failure of a plaintiff in error to use diligence to have citation served and transcript returned to the proper term of this court will not defeat the right of a defendant in error to accept service and bring up the record to a succeeding term and have an affirmance on certificate. Wilson v. Adams, 50 Texas, 5.

In Perez v. Garza, 52 Texas, 571, it was held that a person who had perfected an appeal under a supersedeas bond could not abandon his appeal and sue out a writ of error, with a like bond, returnable to a term subsequent to that to which the appeal was returnable, and thus defeat the right of appellee to affirmance of the judgment on certificate. The right to an affirmance on certificate when the facts exist which authorize it is expressly given by statute, and defendant in error would have been entitled to an affirmance of the judgment in this case had he asked it during the term to which the appeal was returnable; but he did not ask this, and the question now is whether the fact that an appeal was perfected, returnable to the term of this court held in 1889, deprives plaintiff in error of his right to have the judgment revised on writ of error sued out within two years after the judgment was rendered.

If the appeal had suspended the right of defendant in error to enforce his judgment, there would be much reason for holding that a writ of error ought not to be allowed returnable to a term subsequent to that to which the appeal was returnable; but it is not necessary in this case to determine whether in such case the writ of error should be dismissed. The statute prescribes the time within which the writ of error must be sued out, and the cases in which it has been held that the writ would be dismissed for want of proper diligence in issuing and having service of citation are based on the statute regulating that matter, as well as upon equitable considerations. In this case the appeal in no way obstructed the right of defendant in error to enforce his judgment, and he is in no worse condition than would he have been had no appeal ever been perfected. He might have enforced his judgment or had it affirmed on certificate; and in the face of the plain provision of the statute which gave to plaintiff in error two years to sue out his writ of error, we see no equitable or statutory ground on which his right to prosecute the writ of error can be denied.

The motion to dismiss the writ of error will be overruled; but as the motion also asks that the citation be quashed, the cause will be stricken from the docket for want of proper citation. It is so ordered.