TEXAS & NEW ORLEANS RAILWAY COMPANY v. LEON J. HARE.

No. 177.

ON MOTION TO DISMISS.

1. **Right to Writ of Error.**—An appellant who has appealed a case upon a supersedeas bond may, after the case has been dismissed, on motion of the appellee, for want of prosecution, sue out a writ of error with a supersedeas bond and have his case heard and decided by the appellate court.

2. **Same.**—The decisions go no further than to hold, that a writ of error ought not to be allowed returnable to a term subsequent to that to which the appeal was returnable when the appeal had suspended the right of defendant in error to enforce his judgment, and was resorted to for delay. When appellant failed to file a brief, the appellee had the option to have the appeal dismissed, or to proceed ex parte. Having chosen to dismiss the appeal, he ought not to complain if appellant then sues out a writ of error.

3. **Contributory Negligence.** — Plaintiff, who was about 16 years old, with another boy, was walking along the track, when a freight train followed by an engine called a pusher approached from the rear. Plaintiff knew that a pusher frequently followed the freight trains to push them over a hill on the other side of the river, toward which they were walking. The boys left the track while the freight train was passing, and plaintiff then, without looking or list-

ening, again got on the track, and near a public crossing of the railway was struck and injured by the pusher which was following the freight train, which approached without ringing its bell or blowing the whistle. The track was straight and the view unobstructed where the accident happened, and the injury was caused by the failure of the plaintiff to look and listen when he went on the track, and by his negligence in going on the track between the train and the pusher; and the verdict in his favor is reversed.

4. **Same.**—The duties of both plaintiff and defendant at the crossing were reciprocal; and while plaintiff did not forfeit all right to protection by going on the track as he did, still it was incumbent on him to show that the accident could have been avoided by the defendant before it can be made liable for an injury which could not have occurred but for his own neglect.

ERROR from the District Court of Liberty. Tried below before Hon. L. B. HIGHTOWER.

*Douglas & Lanier* and *W. B. Denson*, on their motion to dismiss, cited Thomas v. Thomas, 57 Texas, 516; Perez v. Garza, 52 Texas, 571; Epperstein & Co. v. Holmes & Crain, 64 Texas, 562; Thompson v. Anderson, 82 Texas, 237.

*S. R. Perryman*, in answer to motion, cited Schonfield v. Turner, 6 Southwestern Reporter, 628. As attorney for plaintiff in error.— 1. The verdict should have been for the defendant, and the court erred in rendering judgment against defendant and refusing to grant it a new trial, because the evidence shows that the injuries received by the plaintiff, the said L. J. Hare, were occasioned alone by reason of his, the said Hare's, own negligence and want of care. Railway v. Ryan, 69 Texas, 665; Richards v. Railway, 59 Texas, 377; Railway v. Bracken, 59 Texas, 71; Railway v. York, 74 Texas, 365; Hoover v. Railway, 61 Texas, 503; Hughes v. Railway, 67 Texas, 598; Railway v. Dean, 67 Texas, 76; Yancy v. Railway, 6 S. W. Rep., 272; Railway v. Greene, 3 West. Rep., 883; Mynning v. Railway, 7 West. Rep., 327.

2. When a party recklessly goes upon a railway track without looking or listening for an approaching train, when by so doing he would have been apprised of its approach, he is guilty of such contributory negligence as precludes a recovery of damages in case his injuries are occasioned thereby. Taylor v. Railway, 3 West. Rep., 770; Railway v. Coon, 2 Cent. Rep., 323; Chase v. Railway, 2 N. E. Rep., 872; Pierce on Railways, 343; 4 Am. and Eng. Encycl. of Law, 70, note 2; Hughes v. Railway, 67 Texas, 598; Spicer v. Railway, 45 Am. and Eng. Railway Cases, 28, and notes 36, 37.

*Douglas & Lanier* and *W. B. Denson*, for defendant in error.—1. The charge of the court, taken as a whole, plainly and correctly announces the doctrine, that if the defendant's negligence injured the plaintiff, it was re-

sponsible therefor, unless the party injured also was guilty of negligence which directly and proximately contributed to the injury. Moore v. Moore, 73 Texas, 382; Railway v. Irvine, 64 Texas, 529; Rev. Stats., art. 1037; Rules 24, 25, 26, Ct. Civ. App.

2. The defendant in error was not guilty of contributory negligence of which plaintiff in error can complain and avail itself.

GARRETT, CHIEF JUSTICE.—Defendant in error has filed a motion to dismiss the writ of error in this case, because an appeal therein by the plaintiff in error, with supersedeas bond, has been heretofore dismissed for the want of prosecution.

Judgment was rendered in favor of the defendant in error against the plaintiff in error in the District Court of Liberty County, August 19, 1891, from which the plaintiff in error perfected an appeal, with supersedeas bond, to the term of the Supreme Court at Galveston, 1892. Plaintiff in error duly filed the transcript in the Supreme Court at said term, but having failed to file its brief in accordance with law and the rules of the Supreme Court, the appeal was dismissed on the motion of the defendant in error.

Afterwards, on February 4, 1892, the plaintiff in error sued out this writ of error to the Galveston Term, 1893, of the Supreme Court, and in accordance with the act of the Legislature organizing the Courts of Civil Appeals, filed the transcript in this court.

It is contended by the defendant in error, in support of his motion to dismiss, that when a party appeals from a judgment, gives notice of appeal, and files a supersedeas bond according to law, he can not prosecute a writ of error on supersedeas bond to the succeeding term of the appellate court.

The statute permits a writ of error to be sued out at any time within two years after final judgment, and does not in terms place any limitation thereon. Rev. Stats., art. 1389. The question of the right to prosecute a writ of error after an appeal has been perfected has come before the Supreme Court in several cases, but not as here presented. It was held, in Perez v. Garza, 52 Texas, 571, that a person who had perfected an appeal under a supersedeas bond could not abandon it and sue out a writ of error with a like bond, returnable to a term subsequent to that to which the appeal was returnable, and thus defeat the right of appellee to affirmance of the judgment on certificate. In Thompson v. Anderson, 82 Texas, 237, it was held, that an appeal perfected with cost bond, afterwards abandoned, would not defeat the right to a writ of error; but the court said: "If the appeal had suspended the right of defendant in error to enforce his judgment, there would be much reason for holding that a writ of error might not be allowed returnable to a term subsequent to that to which the appeal was returnable." The decisions go no further.

The case of Thomas v. Thomas, 57 Texas, 516, and Eppstein & Co. v. Holmes, 64 Texas, 562, follow Perez v. Garza in announcing that a party can not resort to both methods of appeal for mere delay; from which we infer, that a certificate of affirmance can not be defeated by a subsequent writ of error sued out after an appeal with supersedeas bond has been perfected.   As said in Schonfield v. Turner, 6 Southwestern Reporter, 628, "It has been the uniform practice of this court, when an appeal has been dismsssed for the want of prosecution, to allow the cause to be taken up by writ of error."   It is true that the appeal in that case was by a guardian ad litem, without bond; but the construction given to Perez v. Garza therein was only that a perfected appeal secured the right to have the judgment affirmed on certificate, notwithstanding the subsequent writ of error.   Defendant in error says in argument, that he could not have the judgment affirmed on certificate in this case, because the transcript was on file.   To which it may be replied, that when the appellant failed to file a brief the appellee had the option to have the appeal dismissed or to proceed ex parte.   Rev. Stats., art. 1038; old Rules Sup. Ct., 43.   Having voluntarily chosen to dismiss the appeal, he ought not to complain if the appellant then sues out a writ of error.   We have only the expression in Thompson v. Anderson, without any indication as to how the court would decide the question, in support of the contention of defendant in error; and opposed to this are the plain terms of the statute and the uniform practice of the court, as limited in Perez v. Garza, and the other decisions above referred to.

We are of the opinion that the motion to dismiss the writ of error should be overruled.

GARRETT, Chief Justice.—This suit was brought in the District Court of Liberty County, January 25, 1890, by Leon J. Hare, a minor, who sues by next friend, against the Texas & New Orleans Railway Company, to recover damages for personal injuries received from being struck by an engine on the defendant's railway, in the town of Liberty.

Defendant pleaded contributory negligence on the part of the plaintiff.

There was a trial by jury, which resulted in a judgment in favor of the plaintiff.

Reversal of the judgment of the court below is sought, among other grounds, upon the following assignment of error:

"The verdict of the jury should have been for the defendant, and the court erred in rendering judgment against the defendant and refusing a new trial, because the evidence shows that the said L. J. Hare was guilty of contributory negligence; and said contributory negligence was the immediate, direct, and proximate cause of the injuries received by him."

This assignment is objected to by appellee, because it is not in compliance with the statute and the rules of the Supreme Court relating to

the subject, in not showing in what the contributory negligence consisted; but from the facts in the case we think it is specific enough to require us to consider it, since the evidence going to show contributory negligence was pertinently directed to one act.

It was shown that the accident occurred on the defendant's railway at a place where a public road or street crossed it, about a half of a mile west of defendant's depot in the town of Liberty, on July 25, 1889. Plaintiff, who was then 16 years of age, accompanied by another boy named Graves, was walking upon and along the track, going in the direction of the river, west of town. About the time they reached the place where the road crossed the track, a freight train composed of thirty-five or forty cars passed, going in the same direction, followed closely by an engine called "the pusher," which was following it for the purpose of pushing the train over the grade beyond the river. It was customary for a "pusher" to follow heavy freight trains out of Liberty, to push them over the hill beyond the river; and the plaintiff knew that a "pusher" sometimes followed trains out. When the train overtook the boys they got off the track to let it pass, and after it had passed, Graves continued to walk on alongside of the track, but plaintiff, at a place where the road crossed, stepped again upon the track, walking just inside of the south rail. Graves had got in advance of Hare while the train was passing, and as the caboose passed him he looked back and saw the pusher coming, as he stated, about seventy-five yards behind Hare. A brakeman on the rear platform of the caboose saw Hare get upon the track, and began to halloo at him and to motion to him, trying to attract his attention to the "pusher" that was following; but the boy did not understand the brakeman at first, became confused, and stopped, looking directly toward the brakeman. At last he realized his situation and attempted to get out of the way, but it was too late, and his foot was caught and so mashed that it had to be amputated. There was evidence that the train and pusher were running at the rate of ten or fifteen miles an hour, but the brakeman testified that they were slowing up for the bridge and were running five or six miles an hour. He also testified, that the pusher was about fifty yards behind the train when the boy was struck. The evidence was somewhat conflicting as to what the distance was at which the "pusher" was following the train. Graves fixes the distance at about 150 yards; others at much less.

Plaintiff got upon the track without looking or watching for the engine, which could have been seen easily if he had looked, because the track was straight and the view was unobstructed. He was on the left side, within a foot of the south rail of the track. The place of the fireman on the engine is on the left side, and that of the engineer is on the right. There is no evidence to show that the bell on the engine was being rung or the

whistle blown as the engine approached the crossing; but on the contrary, witnesses testified that they did not hear either.

From the evidence it clearly appears, that the accident would not have occurred but for the negligence of the plaintiff himself in stepping upon the track in front of the approaching engine. He exercised no precaution whatever. Without looking around or stopping to listen or reflecting a moment, as soon as the train passed he stepped again upon the side of the track, and continued his way along the track, regardless of the fact that he knew that the pusher sometimes went out with freight trains to push them over the hill. When the brakeman commenced hallooing and motioning at him, he stopped still and continued to look in the opposite direction from the approaching engine. Going upon the track without looking or listening was of itself negligence, but when it is considered that he knew that the "pusher" sometimes followed outgoing trains, an utter absence of care on his part is manifest. The failure to ring the bell or blow the whistle did not relieve plaintiff from the exercise of care in going upon the track; and but for his going upon the track in front of the approaching engine, which at the time was within a short distance of him, the accident would not have occurred, and the plaintiff would not have been injured. It will not do to speculate upon what might have happened if the bell had been rung or the whistle blown, because the duties of both plaintiff and defendant at the crossing were reciprocal; and while plaintiff did not forfeit all right to protection by going on the track as he did, still it was incumbent on him to show that the accident could have been avoided by the defendant.

That plaintiff became confused by the hallooing and signals of the brakeman, and stopped and stood upon the track, does not render the defendant liable to him for an injury which could not have occurred but for his own neglect. The brakeman saw the danger that threatened the plaintiff, and it was his duty to warn him of it; and although the warning was misunderstood, and the plaintiff became confused and stopped, and the act that was well meant possibly contributed to the injury, still it was an unfortunate circumstance for which no one could be held responsible, and could not affect the question of plaintiff's negligence. The most that could be contended for this circumstance would be, that the engineer in charge of the pusher might have become aware of the situation of the plaintiff, and could have avoided the collision; but it is not shown that the engineer and fireman knew, or by the exercise of proper care could have known, of the confused condition of plaintiff's mind, or if they had become aware of it they could have stopped the engine in time, after they did become aware of it, to have prevented the injury. The engine was within a short distance of plaintiff when he first stepped upon the track, and the engineer had the right to assume that he would get off in time to avoid the injury, whether he was crossing the track or walk-

ing along the same; and travelling even at the rate of five or six miles an hour, it is hardly probable that the engineer could have seen the plaintiff, become aware of the fact of his condition of mind, and stopped the engine in time to have avoided the accident.

Being negligently upon the track, it would devolve upon the plaintiff, in order to entitle him to recover, to show that although his act contributed to the injury, still the more direct cause of it was the failure of the defendant to avoid it when he ought to have done so. This, we think, he has failed to do. Instead of fixing liability upon the defendant, the evidence shows that but for the negligence of plaintiff the accident would not have occurred, and fails to show that it could have been avoided by the performance of any duty that devolved upon the defendant or its servants.

We have considered this case in the light of the reciprocal duties devolving upon the plaintiff and defendant at a public crossing on a railroad track, and find that the defendant is not liable for the injuries sustained by the plaintiff; but it is doubtful if, under the facts, the plaintiff was not a trespasser upon the track of defendant, since he was not upon it for the purpose of crossing, but was using it as a highway. If he had gone upon the track for the purpose of crossing, it is almost certain that he would have crossed safely, because it would not have been necessary for the brakeman to have warned him, or if the brakeman had attempted to warn him it is not likely that he would have been attracted by the attempt and stopped on the track. If upon the track for the purpose of crossing, it would have been plaintiff's duty to have gone directly across, and not to have stopped or changed his course and walked along it.

We do not deem it necessary to notice the remaining assignments of error presented in the brief of appellant's counsel.

The judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*

Delivered June 1, 1893.

Application for writ of error to Supreme Court refused October 13, 1893.