**HAWKEYE SECURITIES INS. CO v. CASH-
ION et al. (No. 281.)**

Court of Civil Appeals of Texas. Eastland.
March 18, 1927.

Rehearing Denied April 15, 1927.

**1. Appeal and error ⬳14(1)—Writ of error
may be sued out within statutory time after
appeal has been perfected and abandoned.**

Party, dissatisfied with judgment of lower
court, may perfect his appeal, abandon same,
and then sue out writ of error within statutory
time provided therefor.

**2. Appeal and error ⬳14(1)—Party cannot
resort both to appeal and writ of error for
delay.**

Rule that party may perfect appeal, aban-
don same, and then sue out writ of error
within statutory time is subject to limitation,
that party cannot resort to both methods of
appeal for delay only.

**3. Appeal and error ⬳1125—Privilege of
abandoning appeal and suing out writ of error
is subordinate to appellee's right to have
judgment affirmed on certificate.**

Rule that party may perfect appeal, abandon
same, and sue out writ of error within statutory
time is subject to limitation that privilege of
abandoning appeal is subordinate to superior
right of appellee to have judgment affirmed on
certificate.

**4. Appeal and error ⬳1126—Where appeal
abandoned and writ of error were both re-
turnable at same term, motion to affirm on
certificate must be granted unless good cause
is shown for failure to file transcript on ap-
peal (Rev. St. 1925, art. 1841).**

Where appeal abandoned by defendant and
writ of error subsequently sued out within
statutory time were both returnable at present
term of Court of Civil Appeals, no question of
resorting to writ of error for delay could arise
and plaintiff's motion to affirm on certificate
must be granted under Rev. St. 1925, art. 1841,
unless record discloses facts constituting good
cause why transcript on appeal was not filed.

**5. Appeal and error ⬳756—Brief in Court of
Civil Appeals should have index, pages num-
bered, propositions of law grouped, and cita-
tions of authority.**

Brief in Court of Civil Appeals should con-
tain an index, have pages numbered, proposi-
tions of law grouped, and citations of author-
ities.

**6. Appeal and error ⬳731(1)—Assignment of
error complaining that verdict failed to es-
tablish actual damages caused by fire raised
nothing for consideration by Court of Civil
Appeals.**

In action on policy for value of household
goods destroyed by fire, assignment of error
complaining that verdict of jury failed to es-
tablish actual damages raises no point of law
for consideration by Court of Civil Appeals.

**7. Appeal and error ⬳930(3)—Necessary is-
sues of fact, not submitted to jury, are pre-
sumed resolved against complaining party un-
less special issue was requested.**

Reviewing court must presume that all is-
sues of fact necessary for support of judgment,
and not submitted to jury, were resolved by
court against complaining party unless com-
plaining party requests special issue submit-
ting question to jury.

**8. Appeal and error ⬳930(3)—Judgment on
fire policy cannot be set aside on ground that
jury findings failed to establish lawful meas-
ure of damages.**

In action on policy for value of household
goods destroyed by fire judgment for plaintiff
cannot be set aside on ground that jury findings
failed to establish lawful measure of damages,
but Court of Civil Appeals must presume that
issue of fact necessary to support judgment
was found by court.

**9. Appeal and error ⬳757(3)—Without state-
ment in brief of facts raising issue for jury,
assignment of error for refusal to give re-
quested issue cannot be considered by Court
of Civil Appeals.**

In action on policy for value of household
goods destroyed by fire, where there was no
statement set out in brief of facts raising issue
for jury whether assured attempted to protect
and salvage property not wholly destroyed by
fire, assignment of error, based on refusal to
give such requested issue, cannot be considered
by Court of Civil Appeals, which is not re-
quired to examine all facts to determine wheth-
er an issue of fact was raised which should
have been submitted to jury.

**10. Appeal and error ⬳1062(2)—Refusal of
special requested issue on value of articles
not destroyed held not harmful error, where
plaintiff claimed total loss and statement of
facts contained no evidence of value.**

In action on policy for value of household
goods destroyed by fire where plaintiff testified
to total loss, and statement of facts did not
show value of articles not totally destroyed,
plaintiff was under no duty to establish value
of such articles, and it was not error for trial
judge to refuse to give special requested is-
sue on value of articles not destroyed, and
where value of such articles, in any event,
would not have reduced verdict below face
value of policy, defendant was not harmed by
refusal to give issue, if error.

**11. Appeal and error ⬳500(4)—Without
transcript showing presentation of special
requested charge to trial court and refusal,
it cannot be considered by Court of Civil Ap-
peals.**

Assignment of error complaining of refusal
to give special requested charge on burden of
proof cannot be considered by Court of Civil
Appeals, where transcript did not disclose that
special requested charge was presented to
trial court and by him refused.

Error from District Court, Eastland Coun-
ty; George L. Davenport, Judge.

Action by Mrs. Velma Cashion and hus-
band against the Hawkeye Securities Insur-

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ance Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Senter & Strong, of Dallas, for plaintiff in error.

Barker & Orn, of Cisco, for defendants in error.

HICKMAN, J. This case comes to this court for the second time. The opinion upon the first appeal will be found in Hawkeye Securities Insurance Co. v. Cashion et al., 278 S. W. 298. The only facts necessary to be recited preliminarily for an understanding of the issues are that defendants in error recovered judgment against plaintiff in error for $1,250 and interest on a policy of fire insurance issued by plaintiff in error in favor of defendants in error, covering certain household goods and wearing apparel alleged to have been destroyed and damaged by fire on December 24, 1923. The recovery was for the full face value of the policy.

We are met at the threshold of this case by a motion filed by defendants in error to affirm on certificate. This motion was argued to the court in connection with the submission of the case, and a determination thereof is necessary before considering the assignments of error presented.

[1] The grounds upon which we are asked to affirm the judgment on certificate are as follows: After judgment was rendered by the trial court, notice of appeal was given by the defendant, and in due time proper supersedeas bond on appeal was filed. A transcript of the record upon such appeal was not filed in this court within the time provided by law, but, within the statutory time prescribed therefor, the case was brought here by a writ of error upon a proper supersedeas bond in error, and transcript under this proceeding was duly and seasonably filed. Upon this state of facts, it is insisted that it is the duty of this court to affirm the case on certificate on account of the failure of plaintiff in error to file the transcript of record under its appeal. It is a well-settled rule that a party, dissatisfied with a judgment of a lower court, may perfect his appeal, abandon same, and then sue out a writ of error within the statutory time provided therefor. Eppstein & Co. v. Holmes, 64 Tex. 560; Hall v. La Salle County (Tex. Civ. App.) 46 S. W. 863.

[2] This rule, however, is subject to the limitation that a party cannot resort to both methods of appeal for delay only. Perez v. Garza, 52 Tex. 571; Knox v. Earbee (Tex. Civ. App.) 31 S. W. 531.

[3] The rule is subject to the further limitation that the privilege of abandoning an appeal and suing out a writ of error is subordinate to the superior right of the appellee to have the judgment affirmed on certificate. Welch et al. v. Weiss, 99 Tex. 356, 90 S. W. 160; Scottish Union & National Insurance Co. v. Clancey, 91 Tex. 467, 44 S. W. 482;

Western Union Telegraph Co. v. Wofford, 32 Tex. Civ. App. 427, 72 S. W. 620, 74 S. W. 943.

In the case of Welch et al. v. Weiss, supra, it was held that, where an appellee was entitled to an affirmance on certificate under the statute, his right could not be defeated by the suing out of a writ of error, even though the failure to file the transcript in time was not for delay, and even though the writ of error was perfected before the application was made for affirmance on certificate.

[4] In the instant case, the appeal and writ of error were both returnable to the present term of this court. The question of resorting to the writ of error for delay does not therefore arise. The conclusion must necessarily be drawn that the motion to affirm on certificate must be granted, unless the record discloses facts constituting good cause why the transcript was not filed. The only ground provided by the statute (article 1841, R. S. 1925) for affirmance on certificate is the failure to file a transcript of record as directed by law. The right of affirmance by certificate is both created and measured by this article. By it, it becomes the duty of this court, when motion is filed in the proper case, to affirm on certificate, "unless good cause can be shown why such transcript was not so filed."

In resisting the motion to affirm, the plaintiff in error set forth at much length all the facts, circumstances, and conditions which made it impossible for it to file the transcript upon appeal within the time provided by law. We have carefully considered these facts, and, in our judgment, they are sufficient to exonerate the plaintiff in error of any negligence or lack of diligence in perfecting its record. On the ground that good cause was shown this court why the transcript was not filed within the time provided by law, the motion to affirm on certificate is overruled.

[5] A consideration of the case upon its merits has been rendered very difficult, due to the fact that the plaintiff in error has ignored the rules prescribed by the Supreme Court governing the preparation and filing of briefs in the Courts of Civil Appeals. The brief has no index; the pages are not numbered; the propositions of law upon which the appeal is predicated are not grouped; there is not a single citation of authority contained in the brief; and the assignments which are briefed are set forth under the old briefing rules. It would have greatly facilitated the work of this court if the able counsel representing the plaintiff in error had prepared their brief in conformity with the rules. We have concluded, however, to consider the brief and proceed to a disposition of this case without requiring a rebriefing thereof, because there are but few assignments briefed and a disposition of most of them involves no difficulties.

[6, 7] The first assignment of error complains of the action of the court in rendering judgment for the plaintiff because the verdict of the jury fails to establish the actual damages caused by the fire. This assignment is overruled. Even though the judgment is subject to the criticism aimed at it, the assignment raises no point of law which we can consider. It is well settled that a reviewing court must presume that all issues of fact necessary for the support of the judgment, and not submitted to the jury, were resolved by the court against the complaining party, unless such complaining party requests a special issue submitting the question to the jury. Street v. Mason (Tex. Civ. App.) 287 S. W. 508.

The only question which this court can consider in this connection is the action of the trial court in refusing to give the special requested charge covering the matter complained of. The action of the court in this regard will be discussed in a later assignment.

The second assignment of error is very general. It complains that the verdict of the jury is wholly unsupported by the evidence, there being no evidence whatever of the actual damages caused by the fire. This assignment is submitted as a proposition. We think there is sufficient evidence to support the verdict, and the assignment is overruled.

[8] The third, fourth, and fifth assignments of error complain of the same matter as that discussed under the first assignment of error. The complaint is that the findings of the jury fail to establish the lawful measure of damages. This court cannot set aside the judgment of a trial court upon this ground, but must presume that the issue of fact necessary to the support of its judgment was found by it. These assignments are overruled.

[9] The sixth assignment complains of the action of the trial court in refusing to give the jury an issue requested by defendant, calling upon the jury to answer whether or not the assured made any effort after the fire to protect and salvage the property which was not wholly destroyed by the fire. There is no statement set out in the brief of the facts, if any, proved upon the trial of this case, which raised this issue for determination by the jury. We are not required to make a careful examination of all the facts to determine whether or not an issue of fact was raised which should have been submitted to a jury. There have been no facts called to our attention or observed by us making this matter an issue, and the assignment is therefore overruled.

The seventh assignment of error complains of the action of the court in refusing to give to the jury the defendant's special requested issue No. 10. This special requested issue was as follows:

"What was the reasonable cash value after the fire, of the household goods, clothing, furniture, etc., belonging to the Cashions, situate in the house at the time of the fire and which remained there after the fire?"

[10] The statement of facts discloses that the plaintiff's witnesses testified to a total loss of all of the property covered by this policy of insurance. The defendant's witnesses testified that there were various articles of furniture and clothing which were not a total loss. But we have been unable to find in the statement of facts any evidence touching the value of the articles not totally destroyed. The plaintiffs owed no duty to establish the value of these articles, since their evidence was all to the effect that they had no value at all. Under this state of the record, if the defendant desired a finding of the jury as to the value thereof, it should have introduced some character of testimony warranting the submission of the issue to the jury. Not finding any testimony of value, we have concluded that the learned trial judge was not in error in refusing to give this special charge to the jury. As a further reason for this holding, we call attention to the fact that the jury found the value of the property to be $1,859.90, and from reading the description of the articles remaining, as given by the witnesses of the defendant below, it is very apparent that such value was far from sufficient to reduce the amount of the loss below $1,250. No harm therefore could have resulted from the failure to submit this issue.

[11] The eighth assignment of error complains of the action of the court in refusing to give to the jury a special requested charge presented by the defendant below upon the burden of proof. This assignment identifies itself by stating that it is the tenth in the motion for new trial. By reference to the tenth assignment in the motion for new trial it is disclosed that that assignment complains of the admissibility of certain testimony of a witness as to the market value of a counterpane. We have read the motion for new trial to locate the particular assignment, which corresponds to the eighth one briefed, and find that it is the ninth assignment in the motion. Defendants in error object to the consideration of this assignment, because the transcript does not disclose that the special requested charge was presented to the trial court and by him refused. This objection is sustained. It is disclosed by the transcript that there was filed with the clerk of the court a request for this special charge, but whether it was given or refused is not shown, and the name of the learned trial judge before whom the case was tried was not signed to it in any place.

This court cannot consider an assignment complaining of the refusal to give a special requested charge to the jury, where the record fails to disclose that such charge was presented to the trial judge and by him refused.

We find no error pointed out by the plaintiff in error calling for a reversal and re-trial of this case, and same is therefore affirmed.