CITY OF RAYMONDVILLE v. HARDING et al.

No. 8620.

Court of Civil Appeals of Texas. San Antonio.
May 27, 1931.

Rehearing Denied July 8, 1931.

A. B. Crane, of Raymondville, for plaintiff in error.

Jesse G. Foster, of Raymondville, for defendants in error.

SMITH, J.

As a matter of convenience, the plaintiff in error, the city of Raymondville, will be designated herein as plaintiff, as in the court below, and defendant in error W. A. Harding will be designated as defendant.

Plaintiff, an incorporated city of presumably less than 5,000 population, brought this action against defendant to recover city taxes levied against his real property for the years 1925, 1926, 1927, 1928, and 1929. Upon a trial without a jury the court below rendered judgment that the city recover nothing, and it has appealed.

■ Upon the trial the plaintiff offered in evidence the delinquent tax rolls or lists for the years in question, which purported to show the lands belonging to defendant within the corporate limits of plaintiff corporation, together with the amounts of taxes reported delinquent upon said lands in said years, respectively. The trial court excluded said evidence upon defendant's objection that no

valid levy had been shown to have been made by plaintiff with reference to said property. Upon the same objection all other evidence offered by plaintiff to prove up its case was rejected by the trial judge, who thereupon rendered judgment denying any recovery to plaintiff. In this we conclude the court erred.

It is provided in chapter 10, tit. 122 (article 7321), R. S. 1925, relating to the levy and collection of state and county taxes, that such lists "shall be prima facie evidence that all the requirements of the law have been complied with by the officers charged with any duty thereunder, as to the regularity of listing, assessing, levying of all taxes therein mentioned, and reporting as delinquent * * * any real estate whatsoever, and that the amount alleged against said real estate is a true and correct charge." So is it provided in article 7326, that, where suit is brought by the county to collect such taxes, "all delinquent tax records of said county in any county where such suit is brought shall be prima facie evidence of the true and correct amount of taxes and costs due by the defendant or defendants in such suit, and the same or certified copies thereof shall be admissible in the trial of such suit as evidence thereof." It is expressly provided in article 7337 that "any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter." We are of the opinion that the provisions of chapter 10, above referred to, are made applicable to this case by article 7337, that the tax rolls and lists offered by the plaintiff were admissible for the purpose of making a prima facie case, and that the court erred in excluding them from evidence.

This conclusion settles the appeal, and the judgment must be reversed, and the cause remanded.

### On Motion for Rehearing.

In his motion for rehearing, defendant in error contends that the error upon which this court has reversed the judgment of the court below was not briefed by plaintiff in error, and was thereby abandoned. We overrule this contention. That error was definitely assigned and briefed by plaintiff in error under the ninth and tenth propositions embraced in its brief on the main case.

It is urged by defendant in error that the ordinances under which the taxes sued for were levied by plaintiff in error are insufficient to constitute such levy, for various reasons assigned by defendant in error. We have some doubt, which we will not now resolve into a holding, that the ordinance levying taxes for the year 1925 was sufficient for that purpose, but the ordinances making the levy for subsequent years were in our opinion sufficient. We do not know what a more fully developed record may disclose upon this phase of the case as to the year 1925, but the action of the trial court in excluding the ordinances and assessment rolls for other years was clearly erroneous, upon the record disclosed, and requires reversal.

Some of those ordinances were not enacted by the governing body until in December of the years for which the levy was made. It is contended by defendant in error that they were void because not enacted at an earlier date. We overrule this contention. The time of the passage of the levying ordinances is not fixed by law, and the fact that those in question were not passed until in December does not affect their validity. Nor is their validity affected by the fixing of an unreasonable or impossible date for the payment of the taxes so levied. The time fixed may be unreasonable or impossible, and under some circumstances it may be that the unreasonableness and impossibility of it would affect the taxpayer's liability for penalties, but it would not have the effect of voiding the levy.

Defendant in error's motion for rehearing is overruled.