### HARDING et al. v. CITY OF RAYMONDVILLE.

#### No. 1636—6059.

Commission of Appeals of Texas, Section A.
March 15, 1933.

Jesse G. Foster, of Raymondville, for plaintiffs in error.

Crane & Hartwell and A. B. Crane, all of Raymondville, and Cunningham, Moursund & Johnson, of San Antonio, for defendant in error.

56

SHARP, Judge.

The city of Raymondville, a municipal corporation, instituted suit in the district court against W. A. Harding et al., who were lienholders and necessary parties thereto, seeking to recover judgment for the amount of taxes due and foreclose its tax lien. The cause was tried before the court without a jury, and judgment was rendered that the city of Raymondville take nothing by reason of its suit. Notice of appeal to the Court of Civil Appeals at San Antonio was given, but no transcript was filed. The city abandoned the appeal, and sued out a writ of error and filed a transcript in the Court of Civil Appeals. The judgment of the trial court was reversed and the cause remanded for a new trial. (Tex. Civ. App.) 40 S.W.(2d) 888. A writ of error brings the cause here.

The writ of error was granted upon the proposition that the Court of Civil Appeals erred in overruling the motion by W. A. Harding, praying that the judgment of the trial court be affirmed on certificate, because the city of Raymondville failed to file a transcript within ninety days after the city had perfected its appeal and no good reason being shown why such transcript was not so filed within the statutory time.

From the record we gather the following facts: Judgment was entered by the trial court on August 19, 1930, to the effect that the city take nothing as against the defendants therein. The city excepted, and gave notice of appeal to the Court of Civil Appeals. No transcript was filed with the clerk of the Court of Civil Appeals within ninety days after the date of judgment. The record further shows that the attorney representing the city had moved or was about to move his residence out of the county, and other counsel were engaged to represent the city in this cause. The original appeal was abandoned, and on the 23d day of December, 1930, the city filed its petition for writ of error, and service thereof was had on the attorney for Harding on the 27th day of December, 1930. It was shown to the Court of Civil Appeals that the attorney originally representing the city had moved his residence and abandoned the case, and that other counsel had been engaged to represent the city and perfect the appeal; that all necessary steps were taken to appeal the cause by writ of error, and the transcript was filed with the clerk of the Court of Civil Appeals on February 4, 1931. During this time counsel for Harding asked the Court of Civil Appeals to affirm the judgment of the trial court on certificate. This motion was objected to upon the grounds that, under the existing facts, the city was within its legal rights to perfect the appeal by writ of error, set up the facts and circumstances surrounding the matter, and asked that the motion to affirm on certificate be denied. The Court of Civil Appeals overruled the motion to affirm on certificate, and considered the cause on its merits.

This contention involves the construction of our statutes regulating appeals from the trial court to the Court of Civil Appeals. Article 2249 (as amended by Acts 1927, c. 52, § 1 [Vernon's Ann. Civ. St. art. 2249]) provides that an appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases. Article 2072 provides that no bond shall be required of any incorporated city or town in any action, suit, or proceeding. Article 2254 provides that, in cases where the appellant is not required by law to give bond on appeal, the appeal is perfected by giving notice in open court of such appeal. Article 2255 reads as follows: "The writ of error, in cases where the same is allowed, may be sued out at any time within six months after the final judgment is rendered." Article 1839, which was in effect at the time the judgment was entered in the trial court, reads as follows: "In appeal or writ of error, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the perfection of the appeal or service of the writ of error; provided, that for good cause, the court may permit the transcript to be thereafter filed upon such terms as it may prescribe." The foregoing article was amended by the Acts of 1931, 42d Legislature, page 100, chapter 66, § 1 (Vernon's Ann. Civ. St. art. 1839), went into effect ninety days after May 23, 1931, and provides that the transcript shall be filed within sixty days instead of ninety days as required in the original article. Article 1841, in part, reads as follows: "If the appellant or plaintiff in error shall fail to file a transcript of the record, * * * then the appellee or defendant in error may file with the clerk of said court a certificate of the clerk of the district or county court in which such appeal or writ of error may have been taken, attested by the seal of his court, stating the time when and how such appeal was perfected or such citation was served; whereupon the Court of Civil Appeals shall affirm the judgment of the Court below, unless good cause can be shown why such transcript was not so filed. * * * *"

■ Our courts recognize the rule that an appeal of a cause is a valuable right to litigants, and, in the absence of the issue of delay, the statutes and rules regulating appeals are given a liberal construction. Upon the precise question presented for decision the opinions of some of our courts are in conflict. Some give the statutes a strict construction while others give them a more liberal construction.

■ The authoritative decisions of this state have established the rule that a party

dissatisfied with the judgment of a lower court may perfect his appeal, abandon same, and then sue out a writ of error within the statutory time provided therefor. Thompson v. Anderson, 82 Tex. 237, 18 S. W. 153; Eppstein & Co. v. Holmes, 64 Tex. 560; Schonfield v. Turner (Tex. Sup.) 6 S. W. 628; Scottish Union & Nat. Insurance Co. v. Clancey, 91 Tex. 467, 44 S. W. 482; Hawkeye Securities Insurance Co. v. Cashion (Tex. Civ. App.) 293 S. W. 664. The authorities also announce the rule that a party cannot resort to both methods of appeal in order to delay the case. Perez v. Garza, 52 Tex. 571; Knox v. Earbee (Tex. Civ. App.) 31 S. W. 531.

Where an appeal is abandoned and a writ of error is sued out which would unduly delay the cause, the appellee has the right to have the judgment affirmed on certificate. Welch v. Weiss, 99 Tex. 356, 90 S. W. 160, 162; Insurance Co. v. Clancey, supra; Thompson v. Anderson, supra. The rule announced in the last-cited decisions rests upon the ground that, where a party recovers a judgment in the trial court, and the defendant appeals therefrom and executes a supersedeas bond, the party appealing will not be permitted to abandon the appeal and deny the enforcement of the judgment by suing out a writ of error which would delay the cause; and that the privilege of suing out the writ of error under such conditions is subject to the superior right of the appellee to have the judgment affirmed on certificate.

An analysis of the facts involved in the principal cases relied upon that a party is entitled to have an affirmance on certificate, even though the party has appealed by writ of error, clearly shows a different state of facts from those involved here. For instance, in the case of Welch v. Weiss, supra, the certificate upon which that opinion rests stated: "This court at the last term held the excuse insufficient, and refused to allow the filing of the transcript. That matter was finally disposed of at the last term of this court. The final order therein was entered December 21, 1904." In the case of Insurance Company v. Clancey, supra, the facts show that the appellant had appealed and executed a supersedeas bond, and, without giving good excuse for the delay, he sued out a writ of error which caused a delay in the case and denied the appellee the right to an enforcement of his judgment. These and other cases further show that the appeal was abandoned and writ of error sued out which delayed the cause and in some instances carried the cause into another term of court. Under this state of facts, the courts held that an affirmance of the judgment on certificate was proper. This conclusion rests upon the ground that the statute was enacted to prevent the use of the writ of error in such cases for the purpose of delaying the execution of judgments of the trial courts.

A distinction should be and is recognized where the plaintiff in the lower court is denied any recovery in the judgment and an appeal therefrom is made and abandoned and no delay occurs, and, in the absence of bad faith in suing out the writ of error, the courts will not apply as strict a rule as prevails on appeal from judgments, the execution of which has been arrested by supersedeas bond. If Harding had obtained a judgment against the city, and the city had appealed therefrom and had executed a supersedeas bond, and the appeal had suspended his right to an enforcement of the judgment, there would be a strong reason for holding that a writ of error returnable to a term subsequent to that which the appeal was returnable should not be allowed to defeat his right for an affirmance on certificate. This principle is recognized in the leading case of Perez v. Garza, supra, and is followed, among others, in the following cases: Schonfield v. Turner, supra; Thompson v. Anderson, supra; and Scottish Union & Nat. Insurance Co. v. Clancey, supra.

In the case at hand, the appeal and writ of error were both returnable to the same term of the Court of Civil Appeals. The issue of delay in the enforcement of the judgment by resorting to the writ of error is not here. The Court of Civil Appeals had before it the record, the reasons for the abandoned appeal and for resorting to the writ of error, the motion to affirm on certificate and the objections made thereto, and, with all the facts and circumstances before it, the Court of Civil Appeals overruled the motion to affirm on certificate and considered the cause on its merits.

This precise question arose in the case of Hawkeye Securities Insurance Co. v. Cashion, supra. Chief Justice Hickman wrote the opinion in that case, and, after reviewing the authorities, held that the Court of Civil Appeals could, under the facts involved there, refuse to affirm the case on certificate and consider the case on its merits. The Supreme Court granted a writ of error, and reversed the judgment upon issues involving the merits of the case. By implication the holding of the Court of Civil Appeals upon this question was upheld. The opinion is in harmony with the sound rule controlling this question.

The Court of Civil Appeals reversed and remanded this cause to the district court for another trial. We will not disturb this holding. Accordingly, we recommend that the judgment of the Court of Civil Appeals reversing and remanding this cause for another trial be affirmed.

CURETON, Chief Justice.

Judgment of the Court of Civil Appeals reversing the case is affirmed.