## ADAMS v. ROYSE CITY.

### No. 11219.

Court of Civil Appeals of Texas. Dallas.
May 6, 1933.

Rehearing Denied June 24, 1933.

Renfro, Ledbetter & McCombs, of Dallas, for appellant.

Carl G. Miller, of Royse City, for appellee.

JONES, Chief Justice.

Appellee, Royse City, is a municipal corporation incorporated under the general laws of the state. Appellant, W. H. Adams, owns four separate pieces of real estate within appellee's corporate limits. Appellant became delinquent in his city taxes for the year 1928, and appellee instituted this suit to recover said delinquent taxes, interest, and penalties, in the total sum of $172.97, and prayed for the foreclosure of its tax lien as well as for personal judgment in the above amount. A trial before the court without a jury resulted in judgment in favor of appellee, and appellant has duly perfected an appeal to this court.

No statement of facts accompanies this record, but the trial court filed findings of fact which are not excepted to by either party. These findings are: (1) "That the City of Royse is a municipal corporation, duly incorporated under and by virtue of the general laws of the State of Texas, pertaining to the formation of cities and towns; (2) That Mack Sorrells was Mayor of the city of Royse City, Texas, during the year 1928; that W. S. Banks was City Secretary and City Tax Assessor and Collector for said city during the year 1928; that the said Mack Sorrells and W. S. Banks are both dead, having died prior to the filing of this suit; (3) That the City of Royse prepared a current tax roll for the year 1928, and said tax roll was certified to the Mayor as true and correct as required by law; that in said tax roll the following property was listed in the name of W. H. Adams and the following amounts of taxes listed against said property for the year 1928; (Here follows a description of the four pieces of land rendered by appellant for assessment, the respective amount for which each piece was assessed, and the amount of taxes assessed against each piece of land, the total amount of the taxes assessed being $139.65); (4) That the City of Royse prepared a delinquent tax roll for the year 1928, and said delinquent tax roll was certified to by the Mayor as true and correct as required by law; that in said delinquent tax roll, the following property was listed in the name of W. H. Adams, and the following amounts of taxes listed as delinquent taxes for the year 1928 against the following described tracts: (Here follows the description of the four pieces of real estate, the amount for which each was assessed, and the taxes assessed against each, totalling the amount of $139.65); (5) That said taxes, as listed in said current tax roll and delinquent tax record, are unpaid for the year 1928 and are now outstanding; (6) That W. H. Adams signed a rendition sheet before W. S. Banks, City Tax Assessor, rendering the property set out in said tax rolls for the year 1928, prior to the time said rolls were made up; (7) That an ordinance was passed prior to the year 1926, by said City of Royse, levying a tax of $.60 on the $100.00 valuation of all property in the city of Royse, for each year thereafter, to take care of bonded indebtedness; that said bonded indebtedness is now outstanding and was outstanding during the year 1928; (8) That the evidence failed to show that a City ordinance was not passed by the City of Royse, levying the balance of said taxes for the year 1928."

At the request of appellant, the trial court made a supplemental finding of fact as follows: "In the eighth finding of fact, filed in this cause on October 14, 1931, the court found that the evidence failed to show that a city ordinance was not passed by the City of Royse levying the balance of said taxes for the year 1928, and in addition to said finding, the court finds that there was no affirmative evidence that an ordinance was passed levying taxes for the year 1928, except the ordinance set out in the court's seventh finding of fact, filed in this cause on October 14, 1931, and that which might be inferred from the recitals of the approved tax rolls for the year 1928."

■ Appellee's petition states a cause of action against appellant for the recovery of the amount sued for and for a foreclosure of the tax lien on appellant's property. The only portion of the petition which is attacked for insufficiency reads: "That the taxes, interest, penalties and costs charged and set out herein and itemized and set out in the said exhibit 'A' (the rendition certificate), and said delinquent tax record of said City, have accrued and have been taxed against the above described property in the manner and form required by law; that the legal officers of said City, at Royse City, Texas, between the first day of March, 1928, and the 31st day of July, 1928, and prior to said date, levied said taxes in accordance with law and assessed same on the 14th day of June, 1928, and valued, rendered and reported the above described property of defendant, as required by law, for the respective amount of taxes, interest, penalties and costs. '* * *'"

It is claimed that the above allegation is insufficient, in that it does not show that the taxes were assessed by virtue of a levy by an ordinance adopted at a regular session of the city council of the city with a quorum present, during the year 1928. Other alleged deficiencies are pointed out which we do not find necessary to discuss. A similar contention was made in the case of Lockhart v. City of Houston, 45 Tex. 323, and overruled. The petition alleges, in effect, that the legal officers of appellee, between the 1st day of March, 1928, and the 31st day of July, 1928, and prior to said time, levied said taxes in accordance with law, assessed same on the 14th day of June, 1928, and had attached a certificate of assessment against appellant as an exhibit to the petition and made it a part thereof. The law clearly and specifically prescribes the various steps to be taken by the governing body of a city to make a valid assessment of taxes within said city, and the phrase, "levied said taxes in accordance with law," necessarily alleges all the legal steps to be taken for a valid assessment. This contention is overruled.

■ It is true, as contended by appellant, that a city cannot make a valid assessment of taxes except by the passage of an ordinance duly making the levy. Earle et al. v. City of Henrietta, 91 Tex. 301, 43 S. W. 15. Article 7326, Rev. St. 1925, in a provision applicable to this case, declares that: "All delinquent tax records of said county in any

county where such suit is brought shall be prima facie evidence of the true and correct amount of taxes and costs due by the defendant or defendants in such suit, and the same or certified copies thereof shall be admissible in the trial of such suit as evidence thereof." This provision by article 7337 is made available to incorporated cities or towns. City of Rising Star v. Dill (Tex. Civ. App.) 259 S. W. 652. See, also, provisions articles 7321, 7336, and 7343. We agree with the trial court in his conclusions of law to the effect that this article of the statute places the burden of proof on appellant to show that no ordinance was passed by the city of Royse levying the taxes for the year 1928, and that the introduction in evidence of the current tax roll and the delinquent tax roll for the year 1928, and the inventory or rendition sheet, signed by appellant, before the city tax assessor, and the undisputed oral proof of no payment of the taxes, made a prima facie case for recovery in favor of appellee which could only be overcome by affirmative proof that no tax levy ordinance had been passed by appellee for the year 1928. In other words, the delinquent tax roll prepared by appellee, in compliance with law, carried with it the presumption that the taxes therein shown had been levied by a duly enacted ordinance, and such presumption is conclusive where no affirmative evidence is offered showing that no such ordinance was actually passed. Dill v. City of Rising Star (Tex. Com. App.) 269 S. W. 769; City of Raymondville v. Harding (Tex. Civ. App.) 40 S.W.(2d) 888, affirmed in an opinion by the Commission of Appeals, 58 S.W.(2d) 55, 57; American Lumber Co. v. State (Tex. Civ. App.) 165 S. W. 467; City of Liberty v. Llewellyn (Tex. Civ. App.) 15 S.W.(2d) 713.

Prior to the year 1926, as shown by the court's seventh finding of fact, an ordinance was passed by the city of Royse levying a tax of $.60 on the $100 valuation of all property in the city of Royse for each year thereafter, to take care of a bonded indebtedness. This levy was in force in the year 1928, as shown by said finding of fact. No subsequent ordinance was necessary for the levy of this tax as long as this bonded indebtedness was outstanding, and no question can be made of appellee's right to recover that portion of the taxes. City of Odessa v. Elliott (Tex. Com. App.) 58 S.W.(2d) 34.

Finding no reversible error, it is our opinion that the judgment of the lower court should be affirmed.

Affirmed.

BOND, J., did not take part in this decision because of the fact that, as trial judge, he rendered the judgment under review.