234

## SMITH v. SCHOELLKOPF.
### No. 11587.

Court of Civil Appeals of Texas. Dallas.
July 15, 1933.

Rehearing Denied Sept. 23, 1933.

Linden & Linden, of San Antonio, for appellant.

Locke, Locke, Stroud & Randolph, of Dallas, for appellee.

JONES, Chief Justice.

On a former day of this term, the motion of appellee, Hugo W. Schoellkopf, to affirm this cause on certificate, was overruled without a written opinion, and appellee has filed a motion for rehearing, seeking to have the former order set aside, and, in lieu thereof, to enter an order affirming the cause on certificate; and, in the event the court cannot grant such relief, an alternate motion, to withhold the order overruling the motion for rehearing, and to certify the question involved to the Supreme Court.

The motion to affirm on certificate was overruled, on the authority of Harding et al. v. City of Raymondville (Tex. Com. App.) 58 S.W.(2d) 55. The cited case clearly distinguishes this case from the case of Welch v. Weiss, 99 Tex. 356, 90 S. W. 160, the case relied upon by appellee. The facts of the instant case, and of Harding et al. v. City of Raymondville, supra, are similar in all respects, except the delay in the filing of the record in the higher court in the instant case is less than in the reported case. The reported case clearly announces the rule that, in cases similar to the instant case, where appellant has recovered nothing in the suit, and there is shown no undue delay in prosecuting the writ of error, instead of the appeal, a motion to affirm on certificate will not lie, if the record is on file in the Court of Civil Appeals when the motion to affirm

is filed, and both appeals are returnable to the same term of the Court of Civil Appeals. The case of Hawkeye Securities Ins. Co. v. Cashion (Tex. Civ. App.) 293 S. W. 664, approved on this question by the opinion in Harding et al. v. City of Raymondville, supra, is also cited as additional authority.

The motion for rehearing and the motion to certify to the Supreme Court are overruled.

Overruled.