### HEYWOOD–WAKEFIELD CO. v. BRADY.
### No. 1644—6724.

Commission of Appeals of Texas, Section B.

Dec. 9, 1936.

M. B. O'Byrne and Samuel Robinson, both of San Antonio, for appellant.

Denman, Franklin & Denman, of San Antonio, for appellee.

RYAN, Commissioner.

The honorable Court of Civil Appeals for the Fourth Supreme Judicial District certifies the following statement and question, viz.:

"The above styled cause was pending in the County Court at Law No. 2 of Bexar County, Texas, on November 20, 1933, on which date the judge of that court sustained appellee's plea in abatement and entered an order dismissing the cause.

"On November 21, 1933, appellant's motion for a new trial was overruled.

"On December 11, 1933, appellant's appeal bond was approved and filed in the trial court.

"On February 6, 1934, seventy-seven days after the overruling of the motion for a new trial, appellant filed a motion for an extension of time within which to file the transcript in this cause.

"On February 8, 1934, appellee filed an answer to appellant's motion requesting extension of time to file transcript.

"On the 21 day of February, 1934, this court overruled appellant's motion for extension of time.

"On March 1, 1934, appellee filed his motion to affirm on certificate, together with the proper certificate from the clerk of the trial court.

"On March 5, 1934, appellant filed its answer to appellee's motion for affirmance on certificate stating, among other things, that it had abandoned its appeal and on February 26, 1934, filed its writ of error petition and writ of error bond in the trial court and citation in writ of error was served on appellee on February 28, 1934, thus perfecting its appeal by writ of error, one day before appellant filed his motion to affirm on certificate in this court.

"On March 14, 1934, this court by a majority written opinion (Associate Justice Smith dissenting) overruled appellee's motion to affirm on certificate. The majority in overruling appellee's motion to affirm on certificate were governed by the rules laid down in Harding v. City of Raymondville (Tex.Com.App.) 58 S.W. (2d) 55; Id. (Tex.Civ.App.) 40 S.W.(2d) 888; Rowland v. Skiles (Tex.Civ.App.) 61 S.W.(2d) 1016; Smith v. Schoelkopf (Tex.Civ.App.) 63 S.W.(2d) 234.

"Justice Smith in dissenting says that he is of the opinion that the true rule is stated in the opinion and in the authorities cited, in Jarrell v. Bank (Tex.Civ. App.) 63 S.W.(2d) 325.

"Appellee on March 20, 1934, filed a motion to have this question certified to the Honorable Supreme Court of Texas, and we have concluded that on account of the dissent and on account of the conflict of decisions we should grant this motion and we therefore submit to your Honors the following question:

"Question: 1. Where a plaintiff's cause of action is dismissed on plea of abatement and it perfects its appeal by giving notice in open court and timely filing an approved appeal bond; and after the time has expired for the filing of the transcript in the court of civil appeals abandons its appeal as thus perfected and perfects another appeal by writ of error as provided by law, both appeals being returnable to the same term of the Court of Civil Appeals, would it be error for this Court to overrule appellee's motion for affirmance upon certificate filed by him after he was served by a writ of error citation?

"A certified copy of the majority and dissenting opinions herein will accompany the papers in this cause, to which reference is here made for all proper purposes."

We answer, it would be error for the Court of Civil Appeals to overrule appellee's motion for affirmance upon certificate, under the facts stated, on the authority of No. 6661, Jarrell v. Farmers' & Merchants' State Bank of Poth, Texas, 99 S.W.(2d) 281, opinion delivered on November 25, 1936, by the Supreme Court, in which the principles governing in a case such as is here certified, are discussed and disposed of.

Opinion adopted by the Supreme Court.