## JOHN W. BERRY v. A. A. BLANKENSHIP.

Where judgment had been rendered and the party perfected his appeal, but failed to file the transcript of the record, the appellee might file the certificate of the clerk of the district court, stating the time when the appeal was perfected, at the next term after the appeal was taken, but could not legally do so at any subsequent term. (Paschal's Dig., Arts. 1589, 1590, Notes 616, 617.)

Where the appeal was perfected in 1861, and the certificate was not filed until 1866, the case was stricken from the docket at the cost of the party filing the certificate.

APPEAL from McLennan. The case was tried before Hon. N. W. BATTLE, one of the district judges.

On the 4th of November, 1861, the judgment was rendered for Berry against Blankenship, for recovery of certain negroes, with an alternative for money. On the 10th of December, 1861, the defendant filed his appeal bond, and on the 15th of October, 1866, the clerk certified the judgment for affirmance, under the 7th section of the act 11th February, 1850. (Paschal's Dig., Art. 1589, Note 616.)

The question was upon the right to affirm the judgment without reference to the merits.

No briefs have been furnished to the *Reporter*.

MORRILL, C. J.—In this case plaintiff recovered a judgment against defendant for two slaves: named Peter, of the value of $1,000, and John, of the value of $1,200, and $200 attorneys' fees, and $45 for hire of said slaves, and if the possession of said slaves cannot be had, then a judgment for $2,200. Judgment rendered 19th November, 1861.

Motion for new trial overruled, and notice of appeal given, and bond perfected 10th December, 1861.

Certificate of judgment, &c., demanded 18th October, 1866, and filed in this court 22d October, 1866.

As the succeeding term of the Supreme Court, with reference to the appeal, was the court in 1862, the plaintiff, agreeably to the statute, (Paschal's Dig., Art. 1587,) had until the time appointed by the court in 1862 to file with this court the record, and in case he did not so file the record on or before the time appointed for taking up the causes of the district to which the county of McLennan belonged, then it would have been legal for the appellee, or defendant in error, as the case might be, to file the certificate of judgment and process of appeal, and have the judgment affirmed.   (Paschal's Dig., Art. 1589.)

The statute does not declare in express words that the certificate of the clerk shall not be filed after the close of the term of the court next succeeding the perfecting the appeal, but the inference seems to be such. (Paschal's Dig., Art. 1590.)

Paschal's Digest, article 1590, provides, that in all cases where the supreme court shall have affirmed the judgment of the court below under the provision of the next preceding section, said court may, at any time during the term at which any such judgment was so affirmed, permit the transcript to be filed by the appellant or plaintiff in error, and the case to be tried on its merits, provided the appellant or plaintiff shall show to the court good cause why the transcript was not filed by him in accordance with the 5th and 6th sections of this act.

According to this statute, should we affirm the judgment agreeably to request of defendant, the plaintiff, by proper showing, could bring the case here at this court, though the judgment was rendered more than six years ago.   But this would be so contrary to the statutes of the state, that the bare mention of it is sufficient to show the fallacy of it.

We therefore can come to no other conclusion, than that

the certificate cannot be filed at any term of this court, except at the court to which the appeal or writ of error was returnable, and as the certificate in this case was filed four years after said term, it should be struck from the docket at the costs of the party filing the same.

ORDERED ACCORDINGLY.