## John P. Laughlin et al. v. R. L. Dabney.
### No. 55.

**1. Affirmance on Certificate.**

Certificate for affirmance without reference to merits must be filed with motion to affirm at the term to which the appeal or writ of error was perfected . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 121

**2. Same—Re-enacting Statute.**

The present law, section 21 of Act of April 13, 1892, organizing Courts of Civil Appeals. is a copy of a similar provision in the Act of 1850. The constructions upon the former law are presumed to have been adopted in the re-enactment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 121

CERTIFIED QUESTION from Court of Civil Appeals for Second District, in an appeal from Hardeman County.

GAINES, ASSOCIATE JUSTICE. — In response to the question submitted for our determination by the Court of Civil Appeals for the Second Supreme Judicial District, we give it as our opinion, that in order to procure an affirmance of a judgment under the provision of section 21 of the Act of April 13, 1892, " to organize the Courts of Civil Appeals, and to define their powers and jurisdiction, and to prescribe the mode of procedure therein," the appellee or defendant in error, as the case may be, must file his certificate at the term of the court to which the appeal or writ of error is returnable. Such was the construction of the seventh section of the Act of February 11, 1850. Mills v. Gooding, 8 Texas, 152; Wilson v. Truehart, 13 Texas, 287; Berry v. Blankenship, 30 Texas, 380. Wilson v. Adams, 50 Texas, 5, recognizes the doctrine announced in the cases cited.

Section 21 of the existing law, in so far as the question before us is concerned, is a literal copy of the similar provision of the Act of 1850. The corresponding article of the Revised Statutes is substantially the same. Art. 1035. The presumption is, that the Legislature, in adopting the language of the old statute in the new, intended that the construction given by the courts to the former law should be applied to the latter. The rule is reasonable, and in the absence of something in the context indicating a different intention, it ought to be deemed imperative.

We think, therefore, that the defendant in error is not entitled to an affirmance of his judgment; and our opinion will be so certified.

Delivered November 9, 1893.