W. H. BARBER ET AL. V. SABINE & EAST TEXAS
RAILWAY COMPANY.

Nos. 500–821.

1. **Affirmance on Certificate.**—The fact that an appellant, after the time allowed for filing his transcript on appeal had expired, perfected a writ of error from the same judgment and filed the transcript in that proceeding, will not defeat the right of the appellee to have the judgment affirmed on certificate.

2. **Excuses for Failure to File Transcript in Time.**—In the motion for a rehearing, appellants set up excuses for not filing the transcript within ninety days, which would probably have entitled them to an order allowing it to be filed, if it had been made at the proper time. The transcript arrived in the Court of Appeals two or three days too late, and appellants, instead of then setting up their excuses in a motion for leave to file, or resistance of the motion to affirm on certificate, withdrew the transcript and sued out a writ of error. Having in this definite manner abandoned the appeal, they can not revivify and reinstate it, in order to set aside the judgment of affirmance on certificate.

APPEAL from Hardin.   Tried below before Hon. L. B. HIGHTOWER.

*Tom J. Russell*, for appellants.

*Votaw & Chester*, for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—The judgment of the court below was affirmed on a certificate showing that an appeal had been perfected, but not prosecuted by filing the transcript in this court within the time required.   When the application to affirm on certificate was filed, the appellants appeared and resisted it, on the ground that they had, after the time allowed for the filing of the transcript on appeal had elapsed, perfected a writ of error from the same judgment, and had filed the transcript in that proceeding.   No other reason was urged against the granting of the motion to affirm on certificate.   The court held that appellants could not thus abandon their appeal, and, by prosecuting a writ of error, defeat the statutory right of appellee to have the judgment affirmed in that proceeding.   Davidson v. Ikard, 23 S. W. Rep., 379; Perez v. Garza, 52 Texas, 571; Thompson v. Anderson, 82 Texas, 238.

The judgment was accordingly affirmed.   Appellants, in their motion for rehearing, now set up excuses for not filing the transcript in

the appeal, which, had they been made at the proper time and in the proper manner, would probably have been held sufficient to entitle them to an order allowing them to have it filed.   But it appears that the transcript was sent to the clerk of this court, and arrived two or three days after the expiration of ninety days from the perfecting of the appeal, and that thereupon appellants, instead of setting up their excuses for the delay, in support of a motion for leave to have the record filed, or in resistance to the motion to affirm on certificate, withdrew the transcript and sued out the writ of error.   They subsequently filed a transcript of the record, from which the appeal bond is omitted, and the proceedings in writ of error are incorporated.   It thus appears that the appeal was abandoned, and that appellants chose to rely upon and are now prosecuting the writ of error alone.   While they ask that the record be filed, either as upon appeal or writ of error, as the court may direct, the record filed presents the latter proceeding alone.

As held in passing upon the motion to affirm on certificate, the writ of error is no bar to an affirmance; and after having, in the definite and complete manner indicated, abandoned the appeal, appellant can not revivify and reinstate it, in order to set aside the judgment of affirmance.

The motion is therefore overruled.

*Overruled.*

Delivered October 25, 1894.

Writ of error was refused by the Supreme Court December 20, 1894.