CHAMBERS v. GRISHAM et ux.

(Court of Civil Appeals of Texas. El Paso.
April 3, 1913.)

1. APPEAL AND ERROR (§ 14*)—WRIT OF ER-
ROR—RIGHT TO SUE OUT.

A party may sue out a writ of error after
abandoning an appeal theretofore taken.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 48–57; Dec. Dig. § 14.*]

2. APPEAL AND ERROR (§ 14*)—SUBSEQUENT
WRIT OF ERROR—AFFIRMANCE UPON APPEAL.

The right to sue out a writ of error, after
abandoning an appeal, is subject to appellee's
right to an affirmance upon certificate of the
original appeal upon motion, though the tran-
script of the writ of error proceedings be filed
before the filing of the motion to affirm the ap-
peal.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 48–57; Dec. Dig. § 14.*]

3. APPEAL AND ERROR (§ 1127*)—AFFIRMANCE
OF APPEAL—TIME OF MOTION.

Appellee's right to affirm upon certificate
an appeal afterward abandoned by appellant,
upon suing out a writ of error, is only available
if the motion to affirm is filed before the ter-
mination of the term of the Court of Civil
Appeals to which the appeal is returnable.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4432–4440; Dec. Dig. §
1127.*]

Appeal from and Error to District Court,
Martin County; James L. Shepherd, Judge.

Action by J. C. Chambers against M. A.
Grisham and wife. On motion to affirm on
plaintiff's appeal, and to affirm the proceed-
ings upon plaintiff's writ of error, and to
require the clerk of the Court of Civil Ap-
peals to file a transcript of the proceedings
upon writ of error granted to plaintiff. Mo-
tion to affirm appeal overruled, motion to
affirm proceedings upon writ of error over-
ruled, and motion to require the filing of
the transcript granted.

Theodore Mack, of Ft. Worth, A. H. Kirby,
of Abilene, A. L. Green, of Stanton, and
John B. Howard, of Midland, for appellant
and for plaintiff in error. R. N. Grisham,
of Sweetwater, and Stephens & Miller, of
Ft. Worth, for appellees and for defendants
in error.

HIGGINS, J. This cause was tried in the
district court of Martin county and judg-
ment there rendered on November 29, 1911,
that the plaintiff, Chambers, take nothing by
his suit and the defendants, Grisham and
wife, go hence without day. On January 6,
1912, Chambers perfected an appeal from
this judgment by filing a cost bond, and on
March 30, 1912, the transcript of the record
upon such appeal was filed by him in this
court. On May 1, 1912, appellant filed a mo-
tion to dismiss his appeal, and on May 8,
1912, an order of dismissal was entered. The
term of this court to which said appeal was
returnable terminated on the first Monday
in July, 1912. On November 26, 1912, Cham-
bers filed in the lower court his petition for
a writ of error for the removal of said judg-

ment to this court for revision and correc-
tion, and upon the same date filed writ of
error cost bond. Citation in error was serv-
ed on Grisham and wife December 3, 1912.
On January 27, 1913, a motion was filed by
Grisham and wife praying the court to affirm
the judgment of the lower court because of
failure to file transcript of the record upon
appeal within the time prescribed by law.
This motion was accompanied by a certificate
of the district clerk, in accordance with pro-
visions of article 1610, Revised Statutes of
1911, and on February 19, 1913, this court
entered an order affirming the cause upon
such certificate. On March 1, 1913, a tran-
script of the record upon the writ of error
proceedings was tendered by Chambers to
the clerk of this court for filing. This was
within the time within which the transcript
of the writ of error proceedings could prop-
erly be filed; the time not expiring until
March 3, 1913. On March 1, 1913, Chambers
filed a motion for a rehearing of the judg-
ment of affirmance upon certificate, calling
our attention to the following authorities:
Laughlin v. Dabney, 86 Tex. 120, 24 S. W.
259; Holland v. Brown, 152 S. W. 1195;
Thorn v. Lahier, 57 Tex. Civ. App. 67, 121
S. W. 715; Telegraph Co. v. Wofford, 32 Tex.
Civ. App. 427, 72 S. W. 620; Pickett v. Mead,
25 S. W. 654; Berry v. Blankenship, 30 Tex.
380. On March 7, 1913, Grisham and wife
filed a motion to affirm the writ of error
proceedings upon the ground that plaintiff
in error had not filed in this court a tran-
script of the error proceedings within the
time prescribed by law. On March 12, 1913,
a motion was filed by plaintiff in error that
the clerk be directed to file the transcript
of the writ of error proceedings; the same
having been tendered to him for filing with-
in the time prescribed by law. When the
transcript of the proceedings upon writ of
error was tendered to the clerk, he declined
to file the same because there was then pend-
ing the motion filed by Grisham and wife on
January 27th praying the court to affirm the
original appeal.

Under the authorities cited above, it is
very clear that a motion to affirm an appeal
upon certificate, in accordance with the pro-
visions of article 1610, Revised Statutes of
1911, must be filed before the termination
of the term of court to which the appeal was
returnable; and the appeal having been re-
turnable to the term of this court which
terminated on the first Monday in July, 1912,
and the motion to affirm the same not having
been filed until January 27, 1913, it therefore
follows that the order entered by this court
on February 19, 1913, affirming the cause,
was inadvertent and erroneous.

[1] The following authorities clearly es-
tablish the right to sue out a writ of error
after the abandonment of an appeal thereto-
fore taken: Insurance Co. v. Clancey, 91 Tex.
467, 44 S. W. 482; Hall v. La Salle County,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

46 S. W. 863; Morris v. Morgan, 46 S. W. 667; Blackman v. Harry, 45 S. W. 610; Harrington v. Blankenship, 52 S. W. 585.

[2] This right, however, to subsequently prosecute a writ of error is subject to the absolute right of the appellee in the cause to an affirmance upon certificate of the original appeal; and this right of affirmance cannot be defeated, even though the transcript of the writ of error proceedings be filed in the appellate court prior to the filing of the motion to affirm the appeal upon certificate.

[3] But this absolute right of the appellee is subject to the condition that he seasonably file his motion to affirm prior to the termination of the term of the Court of Civil Appeals to which the appeal is returnable. Welch v. Weis, 99 Tex. 356, 90 S. W. 160; Thompson v. Anderson, 82 Tex. 237, 18 S. W. 153; Insurance Co. v. Clancey, supra; Wandelohr v. Bank, 90 S. W. 180; Railway Co. v. Ray, 19 Tex. Civ. App. 416, 47 S. W. 477; Filhol v. Land Co., 19 Tex. Civ. App. 688, 49 S. W. 669.

The motion to affirm the original appeal upon certificate came too late, and there is nothing to prevent Chambers from pursuing an appeal by writ of error, under the authorities above cited. It is therefore ordered: First. The order of affirmance entered herein on February 19, 1913, is revoked and set aside, and the motion to affirm the appeal, filed herein on January 27, 1913, is overruled. Second. The motion of the defendants in error, Grisham and wife, to affirm the proceedings upon writ of error, is overruled, for the reason that such transcript was tendered for filing within the time prescribed by law. Third. The motion of plaintiff in error to require the clerk of this court to file the transcript of the proceedings upon writ of error is granted, and the clerk is directed to file the same as of the date of its tender, March 1, 1913.