### ROSS et al. v. CANTRELL. (No. 11548.)

(Court of Civil Appeals of Texas. Fort Worth. Oct. 10, 1925. Rehearing Granted Nov. 7, 1925.)

1. **Appeal and error ⬅127—Motion to affirm on certificate, not filed at term to which appeal returnable, overruled.**

A motion under Rev. St. 1925, art. 1841, to affirm on certificate, which motion was not filed in Court of Appeals at the term to which appeal was returnable, will be overruled.

2. **Appeal and error ⬅627(2)—Appeal dismissed for want of prosecution.**

Where appellant, after giving notice of appeal within 10 days, filed a supersedeas bond on March 13, 1925, but failed to file record in Court of Civil Appeals, on motion of appellee court would, on November 7, 1925, dismiss appeal for want of prosecution.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by W. R. Ross and others against K. C. Cantrell. Judgment for defendant, and plaintiffs appeal. Motion to affirm on certificate overruled. On motion for rehearing. Appeal dismissed for want of prosecution.

John L. Poulter, of Fort Worth, for appellants.

Clay Cooke, of Fort Worth, for appellee.

BUCK, J. [1, 2] W. R. Ross filed suit against K. C. Cantrell on some notes given in part payment for a Ford coupé. From a judgment in favor of defendant, plaintiff gave notice of appeal to this court, and within 10 days filed his supersedeas bond, on March 13, 1925, but up to date he has not filed a record in this court. On September 11, 1925, the appellee filed in this court the requisite transcript, and also a motion to affirm on certificate. Inasmuch as the motion was not filed in this court at the term to which the appeal was returnable, we, on the authority of Laughlin v. Dabney, 86 Tex. 120, 24 S. W. 259, and Fontana v. Reed Gro. Co. (Tex. Civ. App.) 208 S. W. 933, overruled the motion. The motion for rehearing is now before us. Appellee prays that, if we finally conclude that we cannot affirm on certifi-

cate, we dismiss the appeal for want of prosecution.

Article 1841, Rev. Civ. Statutes 1925, provides:

"If the appellant or plaintiff in error shall fail to file a transcript of the record, as directed in this chapter, then the appellee or defendant in error may file with the clerk of said court a certificate of the clerk of the district or county court in which such appeal or writ of error may have been taken, attested by the seal of his court, stating the time when and how such appeal was perfected or such citation was served; whereupon the Court of Civil Appeals shall affirm the judgment of the court below, unless good cause can be shown why such transcript was not so filed. If a copy of the bond accompanies such certificate of the district or county clerk, the judgment shall, in like manner, be affirmed against the sureties on such bond."

It is frankly acknowledged that Laughlin v. Dabney, 86 Tex. 120, 24 S. W. 259, sustains our former holding. The opinion is by Judge Gaines, and is as follows:

"In response to the question submitted for our determination by the Court of Civil Appeals for, the Second Supreme Judicial District, we give it as our opinion, that in order to procure an affirmance of a judgment under the provision of section 21 of the Act of April 13, 1892 [chapter 15], 'to organize the Courts of Civil Appeals, and to define their powers and jurisdiction, and to prescribe the mode of procedure therein,' the appellee or defendant in error, as the case may be, must file his certificate at the term of the court to which the appeal or writ of error is returnable. Such was the construction of the seventh section of the act of February 11, 1850. Mills v. Gooding, 8 Tex. 152; Wilson v. Truehart, 13 Tex. 287; Berry v. Blankenship, 30 Tex. 380; Wilson v. Adams, 50 Tex. 5, recognizes the doctrine announced in the cases cited.

"Section 21 of the existing law, in so far as the question before us is concerned, is a literal copy of the similar provision of the act of 1850. The corresponding article of the Revised Statutes is substantially the same. Article 1035. The presumption is that the Legislature, in adopting the language of the old statute in the new, intended that the construction given by the courts to the former law should be applied to the latter. The rule is reasonable, and in the absence of something in the context indicating a different intention, it ought to be deemed imperative.

"We think, therefore, that the defendant in error is not entitled to an affirmance of his judgment; and our opinion will be so certified."

This holding has been followed without exception, so far as we have been able to determine from a rather thorough examination of the authorities. See Fontana v. Reed Gro. Co. (Tex. Civ. App.) 208 S. W. 933, and cases there cited.

It is urged that the cases cited in Laughlin v. Dabney, 86 Tex. 120, 24 S. W. 259, were based on a construction of the act of Feb-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ruary 11, 1850. See Gammel's Laws of Texas, vol. 3, pp. 609–612, and especially section 7 of said act. Under this act (section 5) it was "the duty of the appellant or plaintiff in error, to file a transcript of the record with the clerk of the Supreme Court, on or before the first of the term of the said court next succeeding the time when the appeal was perfected, or the citation on the petition for writ of error was served; or on or before the first day of the time during said term, that may have been designated by the Supreme Court, for the trial of causes from the district in which such appeal or writ of error was taken; provided, that such appeal was perfected or such citation was served forty days before the said first day of the term, next succeeding the taking thereof, or forty days before the first day of the time in' said term, designated by said court for the trial of causes brought from said district."

In Berry v. Blankenship, 30 Tex. 380, it is said:

"The statute does not declare in express words that the certificate of the clerk shall not be filed after the close of the term of the court next succeeding the perfecting the appeal, but the inference seems to be such. Paschal's Dig. art. 1590.

"Paschal's Digest, art. 1590, provides, that in all cases where the Supreme Court shall have affirmed the judgment of the court below under the provision of the next preceding section, said court may, at any time during the term at which any such judgment was so affirmed, permit the transcript to be filed by the appellant or plaintiff in error, and the case to be tried on its merits, provided the appellant or plaintiff shall show to the court good cause why the transcript was not filed by him in accordance with the fifth and sixth sections of this act.

"According to this statute, should we affirm the judgment agreeably to request of defendant, the plaintiff, by proper showing, could bring the case here at this court, though the judgment was rendered more than six years ago. But this would be so contrary to the statutes of the state that the bare mention of it is sufficient to show the fallacy of it.

"We therefore can come to no other conclusion than that the certificate cannot be filed at any term of this court, except at the court to which the appeal or writ of error was returnable, and as the certificate in this case was filed four years after said term, it should be struck from the docket at the costs of the party filing the same."

While section 7 of the act of February 11, 1850, is practically in the words of our present article 1841, supra, yet sections 5 and 6 of the Act of 1850, upon which the decision in question is based, have been materially changed. Under such sections, all writs of error and appeal were returnable to the first day of a particular term of the Supreme Court, unless the appeal was taken within less than 40 days prior to the beginning of

the term, in which event it was returnable to the next succeeding term of court. Full 40 days were allowed to perfect the appeal after the filing of the bond. Naturally, if the appellant failed to file his record in the beginning of the next succeeding term of court, the appellee would have had that full term of the court to file his motion to affirm on certificate. However, as the law now stands by the act of April 13, 1892, the appeal or writ of error is not returnable to any particular term of court, but the transcript is required to be filed within 90 days after the appeal is perfected, irrespective of whether this period occurred during term time or vacation.

It is further provided in the present statute that for good cause the court may permit the transcript to be thereafter filed upon such terms as it may prescribe. At least the the writer is of the opinion that, inasmuch as the time limit for filing the transcript in the appellate court has been changed, and only a limitation of 90 days is made, or more if good cause is shown for the delay, the reason for the rule that the motion to affirm on certificate must be made at the term of the court to which the appeal was returnable, should not now obtain. And, if it were an open question, this court would probably so hold. But the Supreme Court has passed on the question, after the establishment of the Courts of Civil Appeals, and after the enactment of the present law with reference to such appeals, and we do not feel justified in going contrary to the Supreme Court's ruling thereon. But we think that the motion to dismiss the appeal for want of prosecution is good, and the appeal is therefore dismissed.