**HERNDON v. RIDLEY et al.** (No. 11887.)

Court of Civil Appeals of Texas. Fort Worth.
June 11, 1927.

1. **Appeal and error** ⬅1127—Motion to affirm on certificate comes too late after term at which appeal was returnable (Rev. St. 1925, art. 1841).

Motion to affirm on certificate appeal which had been perfected by giving appeal bond, but not further prosecuted by filing either transcript or statement of facts, is too late when filed at subsequent term for affirmance, under Rev. St. 1925, art. 1841, requiring presentation of motion at term at which appeal is returnable.

2. **Appeal and error** ⬅1127—Perfected appeal would be dismissed where belated motion to affirm on certificate, in which appellant joined, showed appeal had been abandoned (Rev. St. 1925, art. 1841).

Perfected appeal would be dismissed where motion to affirm on certificate, under Rev. St. 1925, art. 1841, was too late, it not having been presented at term at which appeal was returnable, and affirmatively showed that appeal had been abandoned, and counsel for appellant joined in motion to affirm.

Appeal from District Court, Denton County; Ben W. Boyd, Judge.

Suit by Nora Ridley and another against C. P. Herndon. Judgment for plaintiffs, and defendant appeals. On motion to affirm on certificate. Motion to affirm overruled, and appeal dismissed.

Boyd & Boyd, of Denton, for appellant.
Ed I. Key, of Denton, for appellees.

CONNER, C. J. In this case the appellee Nora Ridley, joined by her husband, C. F.

Ridley, recovered a judgment in the district court of Denton county on November 12, 1925, in effect canceling certain notes and a mortgage securing the same on a tract of land owned by appellee Nora Ridley, described in the judgment, and removing a cloud from the title upon said land.

The record discloses that defendant Herndon was a nonresident. Having answered in the suit, however, he excepted to the judgment, gave notice of appeal, and duly perfected the same thereafter by giving an approved appeal bond on January 23, 1926. The appeal, however, has never been further prosecuted by the filing of a· transcript or statement of facts in this court, and we are now presented with a motion to affirm the judgment in favor of appellee on certificate, the motion having been filed in this court on June 9, 1927.

[1] Article 1841, Rev. Statutes of 1925, authorizes affirmance on certificate, but the party desiring a judgment in his favor to be so affirmed must present a motion therefor at the same term of court at which the appeal was returnable. The appeal in this case was clearly returnable at the preceding term of this court, and the motion therefor comes too late, as has been frequently decided. See Laughlin v. Dabney, 86 Tex. 120, 24 S. W. 259; First National Bank of Wellington v. Hix (Tex. Civ. App.) 156 S. W. 535; Thorn· v. Lanier (Tex. Civ. App.) 121 S. W. 715; Holland v. Brown & McFarland (Tex. Civ. App.) 152 S. W. 1195; Chambers v. Grisham (Tex. Civ. App.) 155 S. W. 959; Fontana v. Reed Gro. Co. (Tex. Civ. App.) 208 S. W. 933.

The motion to affirm on certificate therefore must be overruled.

[2] The motion, however, affirmatively shows that the appeal, perfected by giving the appeal bond on the 23d day of January, 1926, has been abandoned. Indeed, a counsel for the defendant, Herndon, so admits and joins in the motion to affirm on certificate, the desire, as expressed by both parties, being to remove the apparent cloud of title on the land caused by the recording of the mortgage mentioned, and the apparent want of finality in the judgment canceling the mortgage by reason of defendant perfecting the appeal by seasonably filing his appeal bond. It has been held that by filing the appeal bond the jurisdiction of the trial court was lost and the potential jurisdiction at least of this court invoked upon the filing and approval of the appeal bond, and in several cases that have arisen in this court upon motion duly made, to wit, Kelly v. Kemble (No. 11013) ·and Mexia-Wortham Oil & Leasing Syndicate v. Chiles (No. 11650), we assumed the power to dismiss the appeal, to the end that the perfected appeal so abandoned shall in no event give rise to uncertainty in the· finality of the judgment appealed from. No opinions were

written in the cases referred to in which that course was pursued, but having done so in those cases, we have concluded to follow the practice in the case now before us, and it is accordingly ordered that the motion to affirm on certificate be overruled and that the appeal to this court, perfected by defendant, Herndon, be dismissed.