## LUMBERMEN'S RECIPROCAL ASS'N v. JAMES.

No. 9611.

Court of Civil Appeals of Texas. Galveston.
Jan. 12, 1931.

Hill & Harvey, of Houston, for defendant in error.

## PLEASANTS, C. J.

Appellee has filed in this case a certificate, as provided in article 1841, Revised Statutes (1925), and asks this court to affirm the judgment of the trial court because of the failure of plaintiff in error to file a transcript of the record as required on appeal or writ of error within the time for such filing fixed by the statute. In the alternative, appellee asks that appellant's writ of error be dismissed.

■ An examination of the certificate discloses that it was not filed during the term of this court in which the writ of error was required to be filed. By well-settled rules of decision, appellee's right to an affirmance on certificate expired with the expiration of the term of the court to which the writ of error was returnable. Under this rule the certificate and motion to affirm thereon must be dismissed. Berry v. Blankenship, 30 Tex. 380; Laughlin v. Dabney, 86 Tex. 120, 24 S. W. 259; Fontana v. Reed Grocery Co. (Tex. Civ. App.) 208 S. W. 933.; Ross v. Cantrell (Tex. Civ. App.) 278 S. W. 927.

■ No transcript of the record on appellant's writ of error having been filed in this court, we are without jurisdiction to grant appellee's motion to dismiss the writ of error.

■ There is no case pending in this court other than the certificate and motion to affirm thereon to which an order of dismissal can apply. The jurisdiction which this court acquired by the filing of appellant's petition and bond for writ of error extended no further than to empower this court to protect its jurisdiction and appellant's right of appeal. Appellant having abandoned that right by failing to file a transcript within the time required by the statute, or by presenting a record for filing and showing good cause for the failure to file within the statutory time, this court is without jurisdiction to make any further order than one dismissing the certificate.

The contrary ruling of the Court of Appeals for the Second District in the case of Ross v. Cantrell, supra, was apparently made without giving the question due consideration, and has not been followed by that or any other appellate court in this state, so far as we have ascertained.

We are satisfied of the soundness of our conclusion above expressed and do not think it necessary to certify the question to the Supreme Court. If, however, the appellee desires to have the conflict certified, we will grant a motion for that purpose.

It seems to us that our holding above stated gives appellee every right to enforce his judgment that he could obtain by an order of this court dismissing the writ of error.

The motion for dismissing the writ of error is refused.