# FARMERS' & MERCHANTS' LUMBER CO. v. FIDELITY UNION CASUALTY CO.

## Motion No. 2085.

Court of Civil Appeals of Texas. Waco.

Jan. 7, 1932.

J. M. Moore, of Cleburne, for appellant.

Collins & Houston, of Dallas, for appellee.

BARCUS, J.

On May 25, 1931, the Farmers' & Merchants' Lumber Company recovered a judgment in the county court of Johnson county against Fannie L. Hanks Feller, guardian, and the surety on her guardian bond, Fidelity Union Casualty Company. On July 13th the Fidelity Union Casualty Company filed its supersedeas appeal bond. On October 2, 1931, the Fidelity Union Casualty Company presented to the clerk of this court a transcript of the record, and requested same to be filed, which being refused, the said Fidelity Union Casualty Company filed its motion asking this court to grant it permission to have said transcript of the record filed. On October 29, 1931, this court overruled and denied said motion on the ground that same was tendered too late, holding that the time in which the record could have been filed on appeal expired, as a matter of law, about September 20th. Fidelity Union Casualty Co. v. Farmers' & Merchants' Lumber Co. (Tex. Civ. App.) 43 S.W.(2d) 147.

On December 5, 1931, the Farmers' & Merchants' Lumber Company tendered to the clerk of this court a certificate with motion attached, asking this court to affirm the judgment of the trial court on certificate. The clerk refused to file said motion. The Farmers' & Merchants' Lumber Company have now filed its motion asking that the court require the clerk of this court to file its motion to affirm the judgment of the trial court on certificate. Since this court has held the time for filing the record in this cause on appeal by the surety company expired on September 20, 1931, the term to

which said appeal was returnable expired on the first Monday in October, 1931.

The rule seems to be well settled that the appellee or defendant in error cannot have the judgment of the trial court affirmed on certificate, unless a motion therefor is filed before the expiration of the term to which the appeal or writ of error was returnable. Lumbermen's Reciprocal Ass'n v. James (Tex. Civ. App.) 35 S.W.(2d) 458, and authorities there cited; Ross v. Cantrell (Tex. Civ. App.) 278 S. W. 927; Herndon v. Ridley (Tex. Civ. App.) 297 S. W. 309. Said motion, having been tendered for filing on December 5, 1931, long after the expiration of the term to which the appeal was returnable, came too late.

The motion is in all things overruled.