## REEF v. HAMBLEN.
### No. 10939.

Court of Civil Appeals of Texas. Dallas.
Feb. 6, 1932.

Rehearing Denied March 12, 1932.

King S. Williamson and J. H. Synnott, both of Dallas, for plaintiff in error.

Tom Whipple, of Waxahachie, and R. L. Sullivan, of Dallas, for defendant in error.

JONES, C. J.

In a suit in a county court at law of Dallas county, defendant in error, G. W. Hamblen, was awarded judgment against plaintiff in error, Fred Reef, as administrator of the estate of his deceased wife, Euna Reef, in the sum of $932.87, with interest from January 1, 1929 at the rate of 6 per cent. per annum. An appeal has been duly perfected to this court. The following is a sufficient statement of the facts:

Mrs. Euna Reef died December 29, 1928, in the city of Houston, Tex., where she and her husband were residing. The funeral arrangements were made under the direction of Mrs. G. W. Hamblen, the mother of deceased, and all of the burial apparel, the casket, etc., were selected by her in the city of Houston. Because of Mrs. Hamblen's request, the burial was in the cemetery of the town of Palmer in Ellis county, though plaintiff in error owned a burial lot in the city of Dallas. The bills incident to the funeral and burial of Mrs. Reef were paid by Mrs. Hamblen, wife of defendant in error.

Some months subsequent to the payment of these bills, a contention arose between plaintiff in error and defendant in error, in reference to whether plaintiff in error should repay the burial expenses. It was contended by plaintiff in error that he was able and willing to bear the expense of this funeral and expected to do so, but that, when Mrs. Hamblen came to his home, just after the death of his wife, she requested that he permit her to

conduct at her own expense the funeral of her daughter, and that she be given the privilege of selecting the casket, burial clothes, place of burial, and other things incident thereto, as a final testimony to the love and affection she bore for her daughter; that, in consideration of this request, he yielded his desire to direct and bear the expense of the burial of his wife and took no directing part in said funeral arrangements; that had he not thus yielded, while he would have given his wife a suitable funeral and burial, he would not have incurred such a heavy expense as was incurred by Mrs. Hamblen. Defendant in error denied that any such arrangement was made, and the case went to trial on these opposing contentions of the parties. The pleadings of the parties presented their respective contentions. Both Mrs. Hamblen and plaintiff in error supported their respective claims by positive evidence on their part, and each was supported by corroborating evidence. This was the only issue of fact in the case and was submitted to the jury by the trial court in the following special issue: "Do you find and believe from a preponderance of the evidence that the plaintiff, Hamblen, acting by and through his wife, agreed to give or pay the funeral expenses of their daughter, Mrs. Euna Reef, deceased, without any charge against the estate of Mrs. Euna Reef, deceased? Answer: 'No.' "

Judgment was entered for the amount of these expenses in accordance with this finding. The pleadings of defendant in error alleged, by means of exhibits to his petition, the various items making the gross amount of the sum for which judgment was entered, and this claim was supported by the canceled checks given for the various items. The correctness of this exhibit was duly verified by defendant in error.

Plaintiff in error, in addition to his answer, alleging the agreement heretofore stated, filed a cross-action against defendant in error, for the value of various alleged articles of personal property, consisting of jewels, clothing, wearing apparel, and miscellaneous items of "bric-a-brac," alleged to have been the personal property of deceased and belonging to her estate, and of the aggregate alleged value of $995. The ground of the cross-action is that these items were converted and appropriated by defendant in error, and that defendant in error thereby became indebted to the estate, of which plaintiff in error is administrator, in the sum of $995.

The trial court sustained a special exception to this cross-action, and it was stricken out and was not an issue on the trial of the case. To this ruling, plaintiff in error has duly assigned error and properly presented same to this court.

We do not think the trial court erred in sustaining the special exception. The ground of such special exception was that the cross-action showed on its face an attempt to plead an unliquidated demand against the certain demand pleaded by defendant in error, and also an attempt to plead a cause of action sounding in tort against a cause of action ex contractu, which consisted of a liquidated demand. This question is controlled by statutes. Article 2015, R. S., reads: "Whenever any suit is brought for the recovery of any debt due by judgment, bond, bill or otherwise, the defendant shall be permitted to plead therein any counter claim he may have against the plaintiff, subject to such limitations as may be prescribed by law. The plea setting up such counter claim shall state distinctly the nature and the several items thereof, and shall conform to the ordinary rules of pleading."

Article 2017, R. S. reads: "If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff. If the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff. However, the defendant may plead in set off any counter claim founded on a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action."

■ The basis of plaintiff in error's cross-action is the conversion of personal property belonging to the estate of deceased, and in such cases the measure of damages is the market value of the property converted, at the time of the conversion. It is for the market value of the converted property the plaintiff in error sues in his cross-action. Conversion is an offense against the possession of property, and hence a suit based on conversion is one sounding in tort, regardless of how it be denominated by a pleader. This cross-action being a suit sounding in tort is necessarily for an unliquidated demand, and is prohibited by the terms of article 2017, supra. The assignments of error on this issue are overruled.

■ In August, 1928, it appears from a long letter written by plaintiff in error to his wife, while he was on a business trip to New Orleans, that there existed domestic trouble between the two. This letter was introduced in evidence over plaintiff in error's proper objection, and a very severe cross-examination of plaintiff in error, by counsel for defendant in error, resulted from certain portions of this letter. The introduction of this letter and the said cross-examination form the basis for several bills of exception and assignments of error. The fact that domestic trouble existed between these parties could throw no light on the issues involved in this suit. It is a matter entirely foreign to the subject-matter of the

suit. The parading of such domestic trouble and the charges seemingly made by the deceased wife against plaintiff in error, together with the strictures indulged in by counsel on the cross-examination, necessarily tended to prejudice plaintiff in error's defense before the jury. A litigant has the right to a fair trial in a court of a cause of action in which he is interested, and it is error to prejudice a litigant's rights by the introduction of prejudicial and wholly immaterial and irrelevant evidence. The issue as to whether the theory of defendant in error or the theory of plaintiff in error, as shown by their pleadings and evidence, should prevail, was sharply contested, and we cannot say this plaintiff in error's right was not prejudiced by the introduction of this irrelevant testimony. Its tendency was certainly to do so. We therefore sustain the assignments of error in reference to the introduction of the letter in question, and the cross-examination of plaintiff in error thereon. This calls for a reversal of the case.

For reasons above stated, this case is reversed and remanded for trial not inconsistent with this opinion.

Reversed and remanded.

### On Motion for Rehearing.

Both plaintiff in error and defendant in error have filed motions for rehearing. Each of these motions have been carefully considered, with the result that we adhere to our views expressed in the original opinion. Defendant in error, however, presents a matter that was not specifically discussed in the original opinion, and earnestly requests that this court express its views in writing thereon, and we shall comply with such request.

The record in this case was filed on December 27, 1930. The judgment of the lower court was entered June 4, 1930. Plaintiff in error's motion for a new trial was overruled July 5, 1930, and plaintiff in error duly entered his exception to such ruling, gave proper notice of appeal, and was allowed 80 days from such date in which to prepare and file statement of facts and bills of exception. No record was filed in this court on such appeal. A petition and bond for writ of error were filed by plaintiff in error November 28, 1930, on which citation in error was duly issued and served on defendant in error December 8, 1930.

On January 13, 1931, defendant in error filed a motion to dismiss the writ of error, on the ground that plaintiff in error was sued in his capacity as administrator and the judgment sought to have reviewed was against him as administrator; that, under the law of this state, he was not required to give an appeal bond, and hence perfected his appeal to this court, July 5, 1930, when he caused to be entered upon the minutes of the court notice of appeal, and that, having perfected such appeal, he could not subsequently invoke the jurisdiction of this court by means of writ of error. This motion was overruled by this court without a written opinion.

In his brief, defendant in error again raised the same question by way of suggestion of want of jurisdiction of this court to review the case on the writ of error, because of the perfected appeal claimed to be still pending. Out of deference to defendant in error's request, we have concluded to express in writing the reason controlling this court in denying the motion to dismiss and in not writing our views on the same question in the original opinion.

In this state a litigant has the statutory right to have a judgment of a district or county court reviewed by a Court of Civil Appeals, either by means of appeal or by means of writ of error, provided he conforms to the statutory requirements for perfecting the chosen method to secure such review. In the instant case, defendant in error first chose the method by appeal to invoke the jurisdiction of this court, and, as administrators are exempt by statute from filing an appeal bond (Rev. St. 1925, art. 2276), such appeal was perfected July 5, 1930, the day notice of appeal was given. Such notice of appeal gave to this court potential jurisdiction of the cause, but did not give it active jurisdiction to pass upon the merits of the case. This could only have been done by filing the transcript in this court within 90 days from the perfection of the appeal, that is from July 5, 1930. This statutory requirement was not complied with, and hence the only jurisdiction this court acquired on the attempted appeal was to affirm on certificate, provided appellee moved for this relief, and filed the necessary certificate of the clerk of the lower court during the term of this court, to which the appeal was returnable.

Plaintiff in error, however, after he had failed to prosecute the appeal, invoked the jurisdiction of this court, for a review of the judgment, by suing out and prosecuting a writ of error and by causing the record in the lower court to be seasonably filed in this court. Could he do this, after having theretofore perfected an appeal in the lower court? At the time judgment was entered adversely to plaintiff in error, he had the unquestioned right to choose either of the two methods to have the judgment below reviewed by this court. The record discloses that he first attempted to bring this case before this court by appeal, but that he abandoned the appeal; for an appeal is abandoned when an appellant fails to file the record in a Court of Civil Appeals within the statutory time allowed for such filing (Rev. St. 1925, art. 1839) and sues out a writ of error. Wandelohr v. Grayson County Nat'l Bank (Tex. Civ. App.) 90 S. W. 180; Barber v. Railway Co., 9 Tex.

Civ. App. 93, 28 S. W. 270; Golden West Oil Co. No. 1 v. Golden Rod Oil Co. No. 1 (Tex. Civ. App.) 285 S. W. 631; Id. (Tex. Com. App.) 293 S. W. 167; 3 Tex. Jur. § 693, p. 976. So, in the instant case, plaintiff in error abandoned his appeal when he perfected his writ of error in the lower court.

Plaintiff in error's right to pursue the writ of error method of appeal is statutory, and there is no statutory inhibition against a litigant pursuing both statutory methods of appeal, provided in doing so he infringes on no statutory right of the other litigant. In the instant case, the 90 days allowed plaintiff in error within which to file the transcript in this court expired October 4, 1930. From such date to the date of the filing of the transcript in this court, December 27, 1930, under the writ of error method to obtain a review of the judgment, defendant in error had the statutory right to file a motion in this court for affirmance on certificate. Article 1841, R. S. 1925. If defendant in error had availed himself of this right within that time, it would have been the duty of this court to have granted such motion. However, this was a right resting solely with defendant in error and was subject to be lost by a failure to act on such right before the transcript was filed after the writ of error had been perfected. As such right was not exercised by defendant in error, when the record was filed December 27, 1930, such right was lost.

The rule above stated, allowing one to abandon an appeal and sue out a writ of error, has long been a settled rule of law in this state. It is announced by Chief Justice Gaines, in Scottish Union & National Insurance Co. v. Clancey, 91 Tex. 467, 44 S. W. 482, 484, in the following language: "A party who desires to complain of a judgment of the trial court may appeal, abandon his appeal, and then sue out a writ of error, but that this privilege is subject to the right of the appellee to have the judgment affirmed on certificate."

In an earlier case, Chief Justice Stayton, in Thompson v. Anderson, 82 Tex. 237, 18 S. W. 153, states the same rule in equally as terse language, viz.: "Under Rev. St. art. 1389, which provides that a writ of error may be sued out at any time within two years [now six months] after the rendition of final judgment, the perfecting of an appeal, which is never prosecuted, does not deprive a party of his right to a writ of error, especially where defendant in error, although entitled to an affirmance of the judgment, fails to ask for it during the term to which the appeal is returnable, and the appeal itself in no way obstructed his enforcement of the judgment."

Other authorities applying the rule are: Hawkeye Securities Ins. Co. v. Cashion (Tex.

Civ. App.) 293 S. W. 664; Hall v. LaSalle County (Tex. Civ. App.) 46 S. W. 863; Peters Co. v. Green (Tex. Civ. App.) 42 S.W.(2d) 1054; Chambers v. Grisham (Tex. Civ. App.) 155 S. W. 959; Morris v. Morgan (Tex. Civ. App.) 46 S. W. 667; Blackman v. Harry (Tex. Civ. App.) 45 S. W. 610; Harrington v. Blankenship (Tex. Civ. App.) 52 S. W. 585; Louisiana-Rio Grande Canal Co. v. Quinn (Tex. Civ. App.) 160 S. W. 151; Western Union Telegraph Co. v. White (Tex. Civ. App.) 143 S. W. 958; 3 Tex. Jur. § 17, p. 56, § 694, p. 977.

We therefore hold that this court did not err in overruling defendant in error's motion to dismiss the appeal, and did not err in overruling the same contention made in defendant in error's brief. Both motions for rehearing are overruled.