## FIRST NAT. BANK OF HEMPHILL v. GOODRICH.

### No. 2283.

Court of Civil Appeals of Texas. Beaumont.

April 13, 1932.

Rehearing Granted May 4, 1932.

W. I. Davis, of Center, and Minton & Minton, of Hemphill, for appellant.

W. T. Davis, of San Augustine, Geo. E. Holland, of Beaumont, and John B. Forse, of Newton, for appellee.

O'QUINN, J.

At a former day of this term, we granted a motion to affirm this cause on certificate. Appellant has filed its motion for rehearing, and asks that the judgment of affirmance be set aside and the motion to affirm dismissed.

The judgment appealed from was rendered by the district court of Sabine county on May 18, 1931. Motion for a new trial was overruled on said date and notice of appeal to this court duly given. The appeal was perfected on June 17, 1931, by appellant filing its appeal bond. No transcript in the cause was filed herein by appellant. On March 24, 1932, appellee filed his motion for affirmance on certificate. This motion was granted. By motion for rehearing, appellant asks that the affirmance be set aside and the motion to affirm be dismissed because it came too late, being filed at a subsequent term of this court to which the appeal was returnable—the term beginning on Monday, October 5, 1931.

The affirmance was improvidently granted. The appeal was returnable to the term of this court ending October 4, 1931. Article 1816, R. S. 1925 (as amended by Acts 1927, 1st Called Sess., c. 50, § 1 [Vernon's Ann. Civ. St. art. 1816]). The motion to affirm was not filed until March 24, 1932, which was at a subsequent term. It is well settled that appellee's right to an affirmance on certificate expires with the expiration of the term of the court to which the appeal was returnable. 3 Tex. Jur. § 536, p. 748; Laughlin v. Dabney, 86 Tex. 120, 24 S. W. 259; Perkins v. Williams (Tex. Civ. App.) 47 S.W.(2d) 659; Farmers' & Merchants' Lumber Co. v. Fidelity Union Casualty Co. (Tex. Civ. App.) 45 S.W.(2d) 754; Lumbermen's Reciprocal Ass'n v. James (Tex. Civ. App.) 35 S.W.(2d) 458; Herndon v. Ridley (Tex. Civ. App.) 297 S. W. 309; Ross v. Cantrell (Tex. Civ. App.) 278 S. W. 927; Bank v. Hix (Tex. Civ. App.) 156 S. W. 535.

The motion for rehearing is granted, the judgment of affirmance set aside, and the motion for affirmance dismissed.