**ELLIOTT et al. v. LANGHAM et al.**

No. 1438.

Court of Civil Appeals of Texas. Waco.

Feb. 2, 1933.

Arthur Lee Moore and Mack Taylor, of Fort Worth, and Bush & Parten, of Franklin, for appellants.

Oliver J. Todd, of Beaumont, and J. L. Goodman, of Franklin, for appellees.

ALEXANDER, J.

The appellees have filed herein their motion to have the judgment of the trial court affirmed on certificate, as provided in Revised Statutes, art. 1841.

Final judgment in the trial court was entered on May 6, 1932, and on May 7, 1932, appellants' motion for new trial was overruled. Appellants gave notice of appeal, and thereafter perfected said appeal by filing an appeal bond in the trial court on the 27th day of May, 1932. The time for filing the transcript in the appellate court expired July 6, 1932, without such transcript having been filed. Thereafter the appellants abandoned their appeal and sued out a writ of error and filed a writ of error bond on August 10, 1932. The transcript in the writ of error proceedings was then filed in the Court of Civil Appeals on August 15, 1932. Appellees thereafter on the 10th day of January, 1933, filed herein a motion to affirm this cause on certificate.

An appellee's right to affirm on certificate is available only if the motion to affirm is filed before the termination of the term of the Court of Civil Appeals to which the appeal is returnable. Article 1816, Revised Statutes, as amended by Acts 1927 (1st Called Sess.) c. 50, § 1 (Vernon's Ann. Civ. St. art. 1816), provides that the term of each Court of Civil Appeals shall begin on the first Monday in October of each year, and shall continue in session until the first Monday in October the next succeeding year. The term of the Court of Civil Appeals to which the appeal was returnable ended on the first Monday in October, to wit, October 3, 1932. Appellees having filed their motion to have the judgment of the trial court affirmed on January 10, 1933, after the term to which the cause was appealable has expired, are not entitled to an affirmance on their motion. The law is well settled by the uniform decisions of this state that this court cannot affirm on certificate a judgment of the trial court after the term to which it was appealable has expired. 3 Tex. Jur. 748; Laughlin v. Dabney, 86 Tex. 120, 24 S. W. 259; Farmers' & Merchants' Lumber Co. v. Fidelity Union Casualty Co. (Tex. Civ. App.) 45 S.W.(2d) 754; Perkins v. Williams (Tex. Civ. App.) 47 S.W.(2d) 659; Ross v. Cantrell (Tex. Civ. App.) 278 S. W. 927; Herndon v. Ridley (Tex. Civ. App.) 297 S. W. 309.

The motion of appellees to affirm judgment of the trial court on certificate is overruled.