REYNOLDS et al. v. JONES et al.

No. 1453.

Court of Civil Appeals of Texas. Waco.

April 27, 1933.

Rehearing Denied June 8, 1933.

Nat Harris, of Waco, for appellants.

S. J. T. Smith, of Waco, for appellee.

ALEXANDER, Justice.

The record in this cause is before the court on motion of appellees to affirm on certificate because of the failure of the appellants to file the transcript within the time provided by law. The record discloses that the trial court rendered final judgment on December 29, 1932, to which the appellants in open court duly excepted and gave notice of appeal, no motion for new trial being filed. On January 10, 1933, appellants perfected their appeal in the lower court by filing a supersedeas bond. The time within which the transcript should have been filed in the Court of Civil Appeals expired February 17, 1933. Revised Statutes, art. 1839, as amended in 1931 (Acts 1931, c. 66, § 1 [Vernon's Ann. Civ. St. art. 1839]). The appellants wholly failed to file the transcript within said time. Thereafter on March 28, 1933, and during the same term of court to which the appeal was perfected, appellees duly filed a motion to affirm on certificate. On March 22, 1933, the appellants filed an application in the trial court for writ of error and secured the issuance and service of citation thereon, but they had not filed the transcript in the writ of error proceedings in this court at

the time the motion to affirm on certificate was filed.

Under the well-established rule in this state the appellees, under the above state of facts, are entitled to have the judgment of the trial court affirmed. Revised Statutes, art. 1841; 3 Tex. Jur. pp. 58 and 744; Scottish Union & National Ins. Co. v. Clancey, 91 Tex. 467, 44 S. W. 482; Ward v. Scarborough (Tex. Com. App.) 236 S. W. 441; Mid-Continent Life Ins. Co. v. White (Tex. Civ. App.) 54 S.W.(2d) 239 (writ refused); Chambers v. Grisham (Tex. Civ. App.) 155 S. W. 959.

The appellants contend that, since they had filed a petition for writ of error in the trial court and had secured the service of citation thereon prior to the filing herein of the motion to affirm on certificate, the said appellees' motion comes too late and should be overruled, even though appellants had not filed the transcript of the writ of error proceedings in this court at the time the motion to affirm on certificate was filed. Almost the same state of facts was involved in the case of Mid-Continent Life Ins. Co. v. White, 54 S. W.(2d) 239, in which the Court of Civil Appeals granted the motion to affirm on certificate and the Supreme Court refused a writ of error therein. Counsel for appellants contends that the Dallas court held to the contrary in Reef v. Hamblen (Tex. Civ. App.) 47 S.W.(2d) 375 (writ refused). An examination of the opinion in that case, however, reveals that no motion to affirm on certificate was ever filed. The question there involved was the right of an appellant, in the absence of a motion to affirm on certificate, to abandon his appeal and sue out a writ of error. Chief Justice Jones, in writing that opinion, expressly recognized the right of an appellee to an affirmance on certificate, provided motion therefor was filed in the appellate court prior to the filing of transcript of the writ of error proceedings in that court, as was done in this case.

The motion to affirm on certificate is granted, and the judgment of the trial court is affirmed.