## HUFF et al. v. STATE.
### Motion No. 12290.

Court of Civil Appeals of Texas. San Antonio.

July 24, 1935.

Rehearing Denied July 24, 1935.

Miller & Miller, of Gonzales, for appellants.

Duncan & Davis, E. C. Overall, and J. C. Romberg, all of Gonzales, for appellee.

MURRAY, Justice.

On June 5, 1935, we overruled and denied, without written opinion, appellee's motion to affirm this cause on certificate.

Appellee has filed a motion for a rehearing, insisting that we were in error in not granting his motion to affirm on certificate.

Judgment was rendered in the lower court, in this cause, on January 15, 1935. Notice of appeal was duly given and appeal bond filed on February 21, 1935, and thus appeal to this court was duly perfected.

The sixty days allowed by law for filing the transcript in this court expired on March 16, 1935. Appellants did not tender nor file any transcript in this court within that time. Neither did appellants file here an application for an extension of time within which to file such transcript, but elected to abandon their appeal by notice. and seek a review of this cause by means of a petition for a writ of error.

Petition and bond for writ of error were duly filed in the trial court on April 15, 1935, and citation in error duly served on appellee on April 22, 1935. On April 27, 1935, appellee filed herein his motion to affirm on certificate. The record was filed in this court by plaintiff in error on May 7, 1935.

From the above, it is apparent that appellants first perfected an appeal by notice given in open court and duly filing an appeal bond, but failed to file the transcript in this court within the time prescribed by law. Appellants then abandoned their appeal by notice and perfected an appeal by means of a writ of error. After the appeal had been perfected by writ of error, appellee filed in this court his motion to affirm on certificate. The writ of error appeal and the appeal by notice were both returnable to the same term of this court, and no undue delay was caused as a result of appellants abandoning their appeal by notice and resorting to appeal by writ of error. The record on appeal by writ of error was actually filed in this court before appellee's motion to affirm on certificate was submitted in this court.

This suit was a suit in the nature of trespass to try title to land, and resulted in a judgment that plaintiffs take nothing and that defendant recover the land. No supersedeas bond was filed.

We conclude that, where an appeal by notice is perfected and afterwards abandoned and an appeal by writ of error perfected, both appeals being returnable to the same term of the appellate court, and where no motion to affirm on certificate is filed in the appellate court until after an appeal by writ of error has been perfected, and where it further appears that appellants, who were plaintiffs below, recovered nothing and have not filed a supersedeas bond and no unreasonable delay will result, and where it further appears that the record has been actually filed in this court on the writ of error appeal before this

court comes to pass upon the motion to affirm on certificate, such motion will be denied and overruled. Rowland v. Skiles (Tex. Civ. App.) 61 S. W. 1016; Harding v. City of Raymondville (Tex. Com. App.) 58 S.W.(2d) 55; Hawkeye Securities Ins. Co. v. Cashion (Tex. Civ. App.) 293 S. W. 664; Reef v. Hamblen (Tex. Civ. App.) 47 S.W.(2d) 375.

Accordingly, appellee's motion to affirm on certificate, together with his motion for a rehearing, will be in all things overruled.